# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ASHCRAFT GROUP, LLC, for itself and all similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 16-CV-388-KEW |
| SILVER CREEK OIL & GAS, LLC, | ) ) | |
| Defendant. | ) ) | |

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter, including all exhibits attached hereto and/or provided for herein, referred to collectively as the "Settlement Agreement") is entered into between Ashcraft Group, LLC (Plaintiff"), on behalf of itself and the Settlement Class defined below, and Silver Creek Oil & Gas LLC ("Silver Creek"). Plaintiff and Silver Creek are collectively referred to as the "Parties." The settlement contemplated by this Settlement Agreement (the "Settlement") is conditioned upon the terms and conditions set forth in this Settlement Agreement, including but not limited to the Court (1) approving this Settlement Agreement without material alteration; and (2) entering the orders and judgment upon which this Settlement Agreement is conditioned, as more fully described below:

## WITNESSETH:

WHEREAS, the above-styled action was originally filed on June 23, 2016, by the filing of Plaintiff's Petition against Silver Creek in the District Court of Seminole County, Oklahoma (the "Litigation");

WHEREAS, Silver Creek removed the Litigation to the United States District Court for the Eastern District of Oklahoma, where it is currently pending;

WHEREAS, Plaintiff has made certain claims against Silver Creek, as more fully described in Plaintiff's Petition, as subsequently amended by the Amended Complaint;

WHEREAS, Plaintiff and Plaintiff's Counsel represent they have prosecuted the Litigation since the time it was filed, which has included fact development, discovery of documents and data, research, accounting review and analysis, and consultation by and with expert consultants, settlement negotiations among counsel, deposition testimony and interviews of Defendant's employees, accounting record review and analysis, damage modeling, and other investigations and preparation;

WHEREAS, Plaintiff and Plaintiff's Counsel acknowledge during the course of their prosecution of the Litigation, they received, examined, and analyzed the information, documents, and materials they deem necessary and appropriate to enable tem to enter into this Settlement Agreement for the class on a fully-informed basis and, after such examination and analysis, and based on the experience of Plaintiff's Counsel and the expert consultants, Plaintiff and Plaintiff's Counsel have concluded the terms and conditions of this Settlement Agreement are fair, reasonable, adequate and in the best interests of the Settlement Class and Plaintiff.

WHEREAS, Plaintiff has agreed to a settlement of the Litigation against Silver Creek pursuant to the terms of this Settlement Agreement after considering: (i) the substantial benefits that Settlement Class Members will receive from resolution of such claims, (ii) the risks of litigating those claims, and (iii) the desirability of permitting the Settlement to be consummated as provided by the terms of this Settlement Agreement;

WHEREAS, Plaintiff and Silver Creek agree the further prosecution and defense of the claims in this Litigation will be protracted and expensive, and the Parties have taken into account

the uncertainty and risks inherent in any such litigation and have determined it is desirable to compromise and settle the Litigation;

WHEREAS, Silver Creek has denied, and continues to deny, Plaintiff's claims against Silver Creek and denies any and all liability to Plaintiff and the Settlement Class, and has vigorously defended against those claims; and

WHEREAS, Silver Creek enters into this Settlement Agreement without admitting any liability whatsoever, and solely to avoid further expense, inconvenience, and the disruption of defending the claims asserted against it in the Litigation and to be completely free of any further controversy with respect to the claims that were asserted or could have been asserted against it in the Litigation, as more fully described herein.

NOW, THEREFORE, in consideration of the payments, mutual promises, agreements, undertakings, releases, and other terms and provisions of this Settlement Agreement, the sufficiency of which is hereby acknowledged by the Parties hereto, Silver Creek and Plaintiff, on behalf of itself and the Settlement Class, stipulate and agree as follows, subject to the approval of the Court, without admission of any liability or wrongdoing, and in consideration of the benefits set forth herein, that all Released Claims (defined below) shall be fully, finally and forever compromised, settled, released and discharged and the Litigation  shall be dismissed with prejudice, (including Silver Creek's counterclaims) upon and subject to the terms and conditions in this Settlement Agreement.

## 1.    DEFINITIONS

As used throughout this Settlement Agreement and all other documents attached (or to be attached) hereto, the following phrases and words will be given the meanings set forth below:

1.1    "**Administration, Notice and Distribution Costs**" means, subject to the proviso at the end of this paragraph 1.1, the reasonable and necessary: (1) fees, costs and expenses

generated or incurred in the administration, distribution, notification or other aspects of implementing the Settlement; (2) fees, costs and expenses associated with the Settlement Administrator (if any) retained by Silver Creek in conjunction with the administration, distribution, notification and other aspects of implementing the Settlement; (3) fees, costs and expenses incurred to publish and mail the Notice of Settlement to the Settlement Class (including, but not limited to, the cost to print the Notices of Settlement, mail the Notices of Settlement, and publish the Notices of Settlement pursuant to the Plan of Notice) and any Notice required by the Class Action Fairness Act of 2005 ("CAFA"), other law or order of the Court; (4) fees, costs and expenses to prepare, issue and mail (and re-issue and re-mail, if necessary) the Distribution Checks to the members of the Settlement Class; (5) fees, costs and expenses to provide a reconciliation of the Distribution Checks issued, cashed, returned and which become stale; provided, however, that Administration, Notice and Distribution Costs shall not include any fees, costs and expenses incurred by Plaintiff's Counsel and/or Plaintiff (including the fees, costs and expenses of experts or other personnel retained by Plaintiff or Plaintiff's Counsel) for the administration, distribution, notification or other aspects of assuring themselves that the Settlement is implemented.

1.2     "**Claim Period**" means the period commencing on January 1, 2012, and ending on March 31, 2017, and extends to claims for unpaid statutory interest that accrued with respect to oil and/or gas production sold during those months, without regard for when those interest payment obligations accrued.

1.3     "**Class Leases**" means all oil and gas leases, as well as any other form of working interest rights acquired by conveyance or contract (*e.g.*, farmout agreement) covering any mineral interest in: (a) land on which one or more Class Wells are located, or (b) lands pooled,

spaced or otherwise unitized therewith through any contractual or governmental unit, and where one or more Settlement Class Members are the royalty owners under the lease(s) during all or part of the Claim Period for the Class Well(s) associated with the lease(s). Additionally, "**Class Force Pooled Royalty Interests**" means any royalty and overriding royalty interests of Settlement Class Members created under the terms of Oklahoma Corporation Commission ("OCC") force pooling orders to the extent such force pooled royalty interests relate to the Claim Period and any Class Well(s).

1.4     "**Class Settlement Claim Form**" shall have the meaning set forth in paragraph 3.1 of this Settlement Agreement and be in the form attached as Exhibit 6.

1.5     "**Class Wells**" means every oil and gas well located in Oklahoma that is or has been operated by Silver Creek, and from which Silver Creek sold oil and gas production, during any part of the Claim Period. The Plaintiff and Silver Creek have attempted to prepare a complete list of Class Wells and that list is attached hereto as Exhibit 2; however, in the event there is any mistake as to the Class Well name or description, or if a Class Well has been mistakenly omitted, that name or description may be subsequently corrected or added by agreement of Plaintiff and Silver Creek, or by Order of the Court, without further notice to the Settlement Class. The definition of Class Well is controlling for all purposes over the information contained in Exhibit 2.

1.6     "**Court**" means the Honorable Kimberly West, Magistrate Judge, United States District Court for the Eastern District of Oklahoma.

1.7     "**Distribution Check**" means a check payable to a Settlement Class Member who does not opt-out of this Settlement, or who is not otherwise excluded by order of the Court, and

who has properly filed a Claim Form, for the purpose of paying that Settlement Class Member the sum owing to it under this Settlement Agreement.

1.8    "**Effective Date**" means the first date by which all of the events and conditions specified in the below definition of "Final and Non-Appealable" have been met, have been waived, or have occurred, as set forth in that definition.

1.9    "**Final and Non-Appealable**" means:

a.    Forty (40) days have elapsed without the filing of: (i) any appeal or original action in any court challenging or seeking reconsideration, modification or vacation of the Judgment, or otherwise seeking to interfere with or evade provisions of this Settlement Agreement and the settlement contemplated hereunder; or (ii) any motion which would extend the time to appeal from the Judgment, or which challenges or seeks reconsideration, modification or vacation of the Judgment; or

b.    One of the types of proceedings listed in subparagraph (a) above, has been filed and has resulted in a final order or judgment by the court in which it was commenced; that final order or judgment has itself become final and is no longer subject to further review in any court; and additionally, if the proceeding was commenced in an Oklahoma state district court, all of the conditions of subparagraph (a) above are satisfied with respect to such separate final order or judgment.

1.10    "**Fairness Hearing**" means the hearing set by the Court under Federal Rule of Civil Procedure 23(e)(2) to consider final approval of the Settlement.

1.11    "**Judgment**" means the Order Approving Class Action Settlement and Final Judgment, finally approving the Settlement between the Settlement Class and Silver Creek,

which shall include provisions substantially as set forth in paragraph 3.5 herein and substantially in the form attached hereto as Exhibit 3.

1.12    "**Litigation Expenses**" means the reasonable costs and expenses incurred by Plaintiff's Counsel in commencing and prosecuting the Litigation.

1.13    "**Notice of Settlement**" means the Notice of Pendency of Class Action and Proposed Settlement, Final Approval Hearing, and Motion for Attorney's Fees and Reimbursement of Litigation Expenses to be sent to Settlement Class Members in substantially the form of Exhibit 4 attached hereto, and the Summary Notice of Settlement for Publication in substantially the form of Exhibit 5 attached hereto.

1.14    "**Petition**" means Plaintiff's Amended Petition filed in the Eastern District of Oklahoma on January 30, 2017 (Doc. No. 22).

1.15    "**Plaintiff's Counsel**" means the law firms of Pate & Wolfe and Taylor, Foster, Downs, Ramsey & Russell, P.C.

1.16    "**Preliminary Approval Order and Order on Class Certification for Settlement Purposes**" means the order substantially in the form attached hereto as Exhibit 1 to be entered by the Court preliminarily approving the Settlement, certifying the class for settlement purposes only, and directing that Notice of Settlement be provided to the Settlement Class as set forth therein.

1.17    "**Released Claims**" shall mean all claims of Settlement Class Members or their successors or assigns against Silver Creek, any subsidiaries or affiliates of Silver Creek, and any officers, directors, employees, agents, representatives, predecessors, consultants, servants, stockholders, members, successors, and assigns thereof (collectively "the Released Parties"), whether asserted or unasserted, known or unknown, in contract, tort, based on statute, or any

other legal or equitable ground or theory, arising out of or relating to the calculation or recovery of interest as provided by the Oklahoma Production Revenue Standards Act for Silver Creek's alleged untimely payment of proceeds during the Claim Period.

1.18   **"Released Parties"** means Silver Creek, any subsidiaries or affiliates of Silver Creek, and any officers, directors, employees, agents, representatives, predecessors, consultants, servants, stockholders, members, successors, and assigns thereof.

1.19   **"Request for Exclusion"** means any request for exclusion from the Settlement Class pursuant to Federal Rule of Civil Procedure 23.

1.20   **"Settlement Administrator"** means, subject to approval by the Court, the person or entity selected and compensated by Silver Creek to administer the Settlement.

1.21   **"Settlement Fund"** means the total sum of Five Hundred Twenty-five Thousand Dollars ($525,000.00).  This dollar amount was arrived at through the settlement negotiations between the Parties, with each party having made its own individual assessments in arriving at that amount.  It is expressly agreed the Parties have made no agreement concerning whether this amount represents a particular ratio, percentage or proportion of the total amount claimed or represented by either party; however, this stipulation shall not prevent Plaintiff's Counsel from providing comments to the Court or others concerning the adequacy of the Settlement Fund as to the Settlement Class as a whole.

1.22   **"Settlement Class Member"** or **"Settlement Class"** shall mean the below-described class the Parties have agreed should be certified for settlement purposes only, pursuant to the entry of a Preliminary Approval Order and Order on Class Certification for Settlement Purposes to be entered by the Court in substantially the same form attached hereto as Exhibit 1. The Settlement Class is specifically defined as follows:

All non-excluded persons or entities who are or were royalty and/or overriding royalty interest owners in oil and gas wells located in Oklahoma and operated by Silver Creek, who were paid proceeds for production that occurred during the Claims Period of January 1, 2012 to March 31, 2017, except for those production proceeds paid by Silver Creek on behalf of take-in-kind Owners who marketed their own oil and gas. Persons and/or entities excluded from the Settlement Class are (1) all agencies, departments and instrumentalities of the State of Oklahoma and/or the United States of America, (2) persons or entities that Plaintiff's counsel is, or may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct, and (3) Officers of the Court.

The terms "Settlement Class" and "Settlement Class Member" shall not include any putative members of the Settlement Class who timely and properly elect to opt-out of this settlement and who are not permitted by the Court to rejoin the Settlement Class prior to the Fairness Hearing.

## 2   CONSIDERATION

2.1     In consideration of the Settlement, Silver Creek shall pay, or cause to be paid, settlement payments to members of the Settlement Class in accordance with the following procedures, steps and requirements:

a.     Settlement payments will be made on a "claims made" basis, requiring each Settlement Class Member to submit a claim in the manner specified in this paragraph 2.2 in order to be eligible to receive any applicable payment.

b.     The Settlement Fund is in the sum of <u>Five Hundred and Twenty-Five Thousand Dollars</u> ($525,000.00) as set forth in more detail, above, in the definition of "Settlement Fund."

c.     No part of the Settlement Fund will be distributed until the proposed Settlement and the documents (including but not limited to the attached orders and judgment) submitted to the Court by the Parties have been approved and entered by the Court without any material modification, and until such approval has become Final and Non-Appealable and is beyond further challenge in the courts by appeal or otherwise.

9

d.      As to Settlement Class Members who comply with the requirements of this Settlement Agreement, Silver Creek will pay interest at the rate of 12% if title was marketable or 6% if the title was not marketable, compounded annually, as specified under the Production Revenue Standards Act (PRSA); provided, however, any interest payment will be offset and deducted from any prior interest payment made by Silver Creek in the ordinary course to a particular member of the Settlement Class.

e.      Within sixty (60) days after the close of the claim period approved by the Court, the Settlement Administrator shall determine the total amount of all claims submitted by members of the Settlement Class.  If the total amount of all claims submitted exceeds the Settlement Fund, the payments to the Settlement Class Members shall be reduced proportionately so the total amount of claims no longer exceed the Settlement Fund.

f.      All sums not finally and properly paid by the Settlement Administrator as of the conclusion of the claim administration process shall be returned to Silver Creek together with any interest that has accrued on those funds.

g.      Attorney's fees of the Plaintiff and Settlement Class, the Litigation Expenses, a class representative award, and recoverable costs shall be deemed to be a total combined sum of One Hundred Seventy-five Thousand Dollars ($175,000.00), which sum shall be paid by Silver Creek in addition to the Settlement Fund.

h.      The cost of required notices and settlement administration, the Administration, Notice and Distribution Costs, up to the amount of $150,000.00, shall be paid by Silver Creek.  More specifically, Silver Creek shall bear all third party costs up to $150,000.00 of (a) providing notice of the proposed settlement to the Settlement Class, (b) administering the Settlement Fund and making any required tax filings with respect to the Settlement Fund;

10

provided, however, Silver Creek shall have no duties or liabilities with regard to (i) any income tax or similar tax filings that the members of the Settlement Class and/or Plaintiff's Counsel may be required to make with respect to their respective payments under this Settlement Agreement, and (ii) distributing the Settlement Fund. Silver Creek shall have no duty to bear any taxes of any kind that, by law, are taxes due by and burdening the members of the Settlement Class rather than Silver Creek. In the event the Administration, Notice and Distribution Costs exceed a combined total of $150,000.00, such excess shall be paid out of the Settlement Fund.

      i.     No other sums, beyond those specifically imposed on Silver Creek under the terms of this Settlement Agreement, shall be due and owing by Silver Creek in connection with the Settlement.

2.2     Within twenty (20) days after the Court signs and files the Preliminary Approval Order, Silver Creek will deposit the Settlement Fund in an interest-bearing escrow account with a financial institution satisfactory to Silver Creek, with such account being subject to Silver Creek's control. After depositing the Settlement Fund, Silver Creek will thereafter have no further liability for the Released Claims or for any interest on the Settlement Fund with respect to any later time periods (including, but not limited to, the time period covered by the process of giving notice of the proposed settlement and seeking court approval, any appeal(s) of the ruling of the Court, and the distribution and other administration phase of the settlement if the settlement is finally approved in the manner required under the Settlement Agreement).

2.3     The Settlement Class Members who participate in this Settlement agree, in exchange for the payments they received from Silver Creek, to give the releases, covenants not to sue and other benefits to Silver Creek provided for in this Settlement Agreement.

### 3   SUBMISSION OF CLAIM FORMS AND DISTRIBUTION
### OF SETTLEMENT PAYMENTS

3.1     In order for any member of the Settlement Class to be paid any portion of the

Settlement Fund, such member must complete a Class Settlement Claim Form ("Claim Form") in

the form attached hereto as Exhibit 6 or by submitting the same information in writing within

ninety (90) days from the date on which the judgment approving the settlement becomes Final

and Non-Appealable. The Settlement Administrator will make reasonable arrangements to allow

members of the Settlement Class to submit Claim Forms in any of the following three ways:

(a) through a fax line; (b) by United States Mail; or (c) through special delivery service (e.g.,

Federal Express and UPS). The Claim Form will also be provided in the Notice of Settlement.

3.2     The information each member of the Settlement Class shall be required to provide

in the Claim Form shall include the following: (a) Name, (b) Telephone number, (c) Mailing

address, (d) Silver Creek owner number or Tax ID/Social Security Number, and (e) a signature.

The Settlement Class Member submitting the Claim Form may, at his, her or its option, in order

to assist the Settlement Administrator in locating that person or entity in Silver Creek's records,

also provide an email address.

3.3     The general procedure for submitting claim forms shall be as follows:

a.      Each Settlement Class Member seeking to receive payment must submit a

claim Form to the Settlement Administrator.

b.      The Settlement Administrator will make an appropriate record of each

claim on a log maintained for that purpose, and will then send a copy of the claim, and a copy of

the log relating to that claim, to Silver Creek.

c.      For each claim, Silver Creek will provide the Settlement Administrator the

following information: (1) the identity of the Class Well(s) in which the Claimant owns an

interest; (2) the date of first production by Silver Creek for each Class Well in which the Claimant owns an interest; (3) the complete pay history detail for that Claimant during the Class Period, provided such detail will be limited to the Claimant's royalty or overriding royalty interest(s) in the Class Wells. The pay history detail will reflect date(s) of production, product type(s), and date(s) of payment to the Claimant on a per Class Well basis; (4) the amount of interest, if any, Silver Creek has previously paid the Claimant for the late production payments during the Claim Period; (5) relevant documentation relating to the marketability of title for each Claimant .

        d.      Upon receipt of the information described above from Silver Creek, the Settlement Administrator shall determine whether any interest is owed and, if so, calculate the interest at the rate of 12% if title was marketable or 6% if the title was not marketable, compounded annually, as specified under the Production Revenue Standards Act (PRSA); provided, however, any interest payment already made to a Settlement Class Member by Silver Creek in the ordinary course of business will be offset and deducted from said payment. Such calculation shall be made by well, in accordance with the terms of this Settlement Agreement.

        e.      The Settlement Administrator will make payments to the qualifying Settlement Class Members and will include with the settlement check both an allocation of the payment amount by well, including any interest added to the Settlement Fund from the interest bearing escrow account after the date it is deposited, and an IRS Form 1099. All payments will be made at one time after all calculations by the Settlement Administrator are made.

        f.      Within 60 days from and after the deadline for the submission of claim forms (see paragraph 3.1), the Settlement Administrator will file a Final Report with the Court certifying the distributions were made in conformity with the Settlement Agreement approved by

the Court, except where the Court has, at the joint request of both Silver Creek and Class Counsel, provided the settlement Administrator with additional directives outside the provisions of the Settlement Agreement.

3.4     Any disputes over the amount of interest that should have been paid to a Settlement Class Member shall be handled in the following manner:

a.      The documents relied upon in support of a different interest calculation must be submitted to the Settlement Administrator, together with (i) a written explanation of the method used in computing the different amount, (ii) identification of the date of the payment made by Silver Creek for each well involved, and (iii) an identification of the prior interest payments received by the owner (and any prior determinations impacting whether, and how much, interest may be owed) so those amounts may be deducted in computing the asserted new payment amount.

b.      The Settlement process will not involve the making of any determinations outside of those described in the immediately-preceding paragraph 3.4(a).  For example, neither the Settlement Administrator nor the Parties will attempt to adjudicate conflicting claims or entitlements to legal title to particular property interests.  If those types of determinations must be made in order for a member of the Settlement Class to be clearly entitled to payment, Silver Creek shall have the right to withhold payment and treat the affected Settlement Class Members as being in suspense status pending resolution of the issues that cloud their claim(s) of entitlement to payment.  All determinations of the Settlement Administrator shall be final.

c.      The obligation of Silver Creek to make interest payments as part of this Settlement shall be specifically limited to the time frame and conditions set forth in this Settlement Agreement and related documents.  While it is unlikely such would occur under the

14

procedures set forth above, in the event that Silver Creek submits a payment to a Settlement Class Member who has submitted a Claim Form, and the payment is returned as uncashed or undeliverable, or it otherwise becomes apparent that the payment will not be cashed or deposited by the payee, the uncashed check shall be canceled and all the funds associated with that check shall remain the property of Silver Creek.

d.   Plaintiff and Silver Creek shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms.

3.5   The Parties agree no part of the Settlement Fund will be distributed until the proposed Settlement has been approved by the Court without any material modification of the Settlement and related document terms proposed in connection with this Settlement Agreement, and until the specified form of Judgment approving this Settlement has become Final and Non-Appealable.  If the Settlement is not finally approved, the Full Settlement Fund and any accrued interest thereon will be returned and restored to Silver Creek.

## 4   PLAN OF NOTICE AND COURT APPROVALS

4.1   Within a reasonable time after this Settlement Agreement is executed by the Parties, Plaintiff will file a motion with the Court seeking Preliminary Approval of Settlement, which shall include the submission to the Court of an Order Granting Preliminary Approval of Class Action Settlement, Certifying Class for Settlement Purposes, Approving Form and Manner of Notice and Setting Date for Fairness Hearing ("Preliminary Approval Order"), in the form attached hereto as Exhibit 1, which will, *inter alia:* (a) make a finding of jurisdiction in the federal court; (b) certify the Settlement Class for the purposes of this Settlement only and include the following specific finding by the Court: "Because this case has been settled at this stage of the proceedings, the Court does not reach, and makes no ruling either way, as to the issue of

15

whether the Settlement Class certified by agreement for settlement purposes could have been certified in this case for litigation purposes;" (c) preliminarily approve this Settlement Agreement; (d) approve of the Notice of Settlement and the manner of providing notice to Settlement Class Members; and (e) direct the Settlement Administrator to provide the Notice of Settlement to the Settlement Class in accordance with the manner proposed in this Settlement Agreement or in any other manner the Court may direct in accordance with Federal Rule of Civil Procedure 23.

4.2     After entry of the Preliminary Approval Order, the Settlement Administrator will mail (or cause to be mailed) the Notice of Settlement by first class mail to all Settlement Class Members who have been identified after reasonable efforts to do so.  The Notice of Settlement will be mailed to Settlement Class Members using reasonably recent pay deck information.  For wells that have been sold or are no longer producing, the Settlement Administrator will mail the Notice of Settlement to the last known addresses shown in Silver Creek's records for those members of the Settlement Class or, if no address information is available in the records of Silver Creek and if necessary, will cause subpoenas to be issued to obtain needed addresses from third-party operators.   The Settlement Administrator shall also cause to be published the summary Notice of Settlement one time in each of the following newspapers:  the Seminole Producer, and the Hughes County Tribune.  The Settlement Administrator and/or Silver Creek shall further issue the notice of settlement contemplated by CAFA.  The cost of any such CAFA notice shall be borne by Silver Creek.  The Fairness Hearing shall be scheduled for a date that will allow for the notice requirement of CAFA to be satisfied.

4.3     All objections, including, but not limited to, objections to the Settlement, Notice of Settlement, manner of notice, application for attorneys' fees and/or Litigation Expenses and/or

a class representative fee and/or expenses must be filed with (and received by) the Court and served into the hands of the Settlement Administrator, Plaintiff's Counsel and counsel for Silver Creek as described more fully below and by the date and in the manner set by the Court in the Preliminary Approval Order and specified in the Notice of Settlement, which shall require that objections must be filed with (and received by) the Court and served into the hands of the Settlement Administrator, Plaintiff's Counsel and counsel for Silver Creek at least twenty (20) business days (excluding any days on which the Courthouse for the Court in the cause is not open for full normal Courthouse purposes) prior to the Fairness Hearing, unless such deadline is extended by Order of the Court.

4.4     All Requests for Exclusion must be delivered into the hands of the Settlement Administrator as described more fully below and by the date and in the manner set by the Court in the Preliminary Approval Order and specified in the Notice of Settlement, which shall require all Requests for Exclusion be delivered into the hands of the Settlement Administrator at least fourteen (14) calendar days prior to the Fairness Hearing, unless such deadline is extended by Order of the Court.

4.5     Neither the Plaintiff now Silver Creek, nor the legal counsel of either of them, shall have any liability for failure of the Notice of Settlement to reach any Class Member.

4.6     After Notice of Settlement is given in the manner directed by the Court, providing for notice of: (a) the terms of the proposed Settlement; (b) Settlement Class Members' opportunity to opt-out of or object to this Settlement; (c) Plaintiff's Counsel's request for attorneys' fees and reimbursement of Litigation Expenses; and (d) Plaintiff's request for a class representative fee, the Parties will request the Court to hold a Fairness Hearing as described in the Notice of Settlement, and to then enter Judgment approving this Settlement, and specifically

17

approving all terms and provisions of this Settlement Agreement. The Judgment shall be in substantially the same form as attached to this Settlement Agreement as Exhibit 3, with no material variation in the wording shown in that exhibit.

## 5   RELEASE, DISMISSAL AND COVENANT NOT TO SUE

5.1     Upon the Effective Date, the Released Parties, individually and collectively, shall be fully, finally and forever released from the Released Claims of the Settlement Class Members who do not opt out of the Settlement Class, and such members shall be enjoined from asserting or prosecuting any Released Claims against any Released Parties. It is understood that claims related to each Class Well are only released for the Claim Period(s) of each such Class Well.

5.2     Upon approval of the Settlement by the Court becoming Final and Non-Appealable, Plaintiff and the Settlement Class will dismiss the Released Claims against Released Parties with prejudice; however, all obligations arising from the Settlement shall survive any partial or later complete dismissal of the Litigation until they are determined by the Court to have been performed, and the Court will retain exclusive jurisdiction over this Litigation for purposes of enforcing this Settlement Agreement and determining any issues associated with the implementation, administration, construction and interpretation of the Settlement Agreement and related documents between the Parties and any issues raised by collateral attack.

## 6   TAXES

6.1     All distributions shall be subject to any required federal or state tax withholding, which the Settlement Administrator (or any entity distributing the Settlement Fund on its behalf) shall be entitled to withhold and pay to the appropriate taxing authorities. The Settlement Administrator shall provide IRS Form 1099's or other explanations of payments to Settlement Class Members sufficient to allow them to assure themselves that proper tax payments have been or can be made, or to allow them to submit requests for refunds.

6.2     All income taxes, if any, incurred on the part of the Settlement Class Members in connection with the implementation of this Settlement Agreement shall be reported and paid by the individual Settlement Class Members to the extent of their individual tax liability on proceeds they individually receive.   Except for amounts withheld for tax purposes by the Settlement Administrator, the individual Settlement Class Members are solely responsible for the payment of any taxes attributable to payments to them under this Settlement Agreement. Plaintiff, Silver Creek, their respective counsel, the Settlement Fund and the Settlement Administrator shall have no responsibility or liability whatsoever for any such payments.

6.3     In the event either the Settlement Administrator or the Released Parties are required to pay any taxes or assessments attributable to Settlement Class Members, including any applicable interest or penalties, then those making such payment shall be entitled to indemnification and reimbursement from the applicable member(s) of the Settlement Class and shall also be entitled to recover from each Settlement Class Member(s) that portion of such taxes or assessments, interest and penalties attributable to the portion of the Settlement Fund allocated to such Settlement Class Member by any lawful means available to those who were required to make such payments, including but not limited to deduction or offset from any future royalty payments to the Settlement Class Member.

## 7     ATTORNEYS' FEES, CASE CONTRIBUTION AWARDS AND LITIGATION EXPENSES

7.1     No later than twenty-one (21) calendar days prior to the Fairness Hearing, Plaintiff's Counsel may apply to the Court for a collective award of attorneys' fees to Plaintiff's Counsel, a class representative fee, and for reimbursement of Litigation Expenses in the previously agreed total combined amount of $175,000.00.   Silver Creek shall not take any position with respect to any conforming request for attorneys' fees, a class representative fee or

Litigation Expenses sought, nor will Silver Creek encourage anyone to object thereto.  If approved by the Court, Silver Creek shall pay the collective award to Plaintiff's Counsel and the award shall not be deducted from the Settlement Fund as described in paragraph 1.21.

7.2    An award of the specific dollar amount set forth in paragraph 7.1 is not a necessary term of the Settlement Agreement and that particular dollar amount is not a condition of the Settlement.  Plaintiff and Plaintiff's Counsel may not cancel or terminate the settlement Agreement or the Settlement based on the ruling of this Court or any appellate court with respect to the amount of attorney's fees, class representative fee and/or Litigation Expenses.

## 8    "OBJECTIONS" AND "OPT OUTS"

8.1    Any putative class member who opts out of the settlement class by timely filing a valid request for exclusion, as described in this settlement agreement, shall have no right to object to the settlement in any way including, but not limited to, the fairness, reasonableness and/or amount of any aspect of the settlement, notice, plaintiff's counsel's request for attorney's fees and litigation expenses, a class representative fee, or any distribution of the settlement funds.

8.2    All requests for exclusion must be filed with the clerk of the court, United States District Court for the Eastern District of Oklahoma, 101 North 5th Street, Room 208, Muskogee, Oklahoma, 74401, no later than fourteen (14) days prior to the date set by the Court for the Final Fairness Hearing, and specified in the notice of settlement and must include: (a) the settlement class members name, address, telephone number, and signature; (B) a statement that the settlement class member wishes to be excluded from the settlement class in this litigation: and (C) the name(s) of the class well(s) in which the punitive settlement class member who wishes to opt out claims to own an interest.

8.3    Copies of all Requests for Exclusion shall be provided by class counsel to the settlement administrator.  Requests for Exclusion shall be deemed received in the hands of the settlement

administrator when received and filed by the Clerk of the Court.

8.4     All objections, including, but not limited to, objections to the Settlement, Notice of Settlement, manner of notice, application for attorneys' fees and/or Litigation Expenses and/or a class representative fee and/or expenses must be filed with (and received by) the Court and served into the hands of the Settlement Administrator, Plaintiff's Counsel and counsel for Silver Creek as described more fully below and by the date and in the manner set by the Court in the Preliminary Approval Order and specified in the Notice of Settlement, which shall require that objections must be filed with (and received by) the Court and served into the hands of the Settlement Administrator, Plaintiff's Counsel and counsel for Silver Creek at least twenty (21) calendar days prior to the Final Fairness Hearing, unless such deadline is extended by Order of the Court.

8.5     If a settlement class member remains in the settlement class, he or she shall have the right to file a valid objection only under the provisions the court may determine are appropriate, including the following:

a.      All Objections must contain:

   i.   a heading referring to *Ashcraft Group, LLC v. Silver Creek Oil & Gas, LLC*, No. CIV-16–388–KEW, in the United States District Court for the Eastern District of Oklahoma;

   ii.  a statement as to whether the objector intends to appear at the Final Fairness Hearing, either in person or through counsel, and, if through counsel, identifying counsel by name, address and telephone number;

   iii. a detailed statement of the specific legal and factual basis for objection;

   iv.  a list of any witnesses the objector wishes to call at the Final Fairness Hearing;

   v.   copies of any exhibits the objector may seek to use at the Final Fairness Hearing;

   vi.  the objector's current address;

   vii. the objector's current telephone number;

viii.     the objector's signature; and

i.     identification of the Class Well(s) (by well name) in which the objector claims to own an interest.

Any Settlement Class Member who fails to timely file such written statement and provide the required information may not be permitted to present any objections at the Final Fairness Hearing.  The decision whether to allow any testimony, argument, or evidence, as well as the scope and duration of any and all presentations of the objections of the Final Fairness Hearing, will be in the sole discretion of the Court.

8.6     Plaintiff shall not opt out of the Settlement Class and neither Plaintiff nor Silver Creek shall encourage anyone to opt out of the Settlement Class.  Nevertheless, this Settlement Agreement does not prohibit Plaintiff's Counsel from counseling any Settlement Class Members as to his, her or its legal rights or prohibit any Settlement Class Member who seeks such counsel from electing to opt out of the Settlement Class.

## 9     WAIVER OR TERMINATION

9.1     Within thirty (30) days of: (a) the Court's entry of an order expressly declining to enter the Preliminary Approval Order in any material respect: (b) the Court's refusal to approve this Settlement Agreement or any material part of it; (c) the Court's declining to enter the Judgment in any material respect; or (d) the date upon which the Judgment is modified or reversed in any material respect and such modification or reversal becomes Final and Non-Appealable, Plaintiff and Silver Creek shall each have the right to terminate the Settlement and this Settlement Agreement by providing written notice to the other party of its election to do so; *provided, however,* that any court decision, ruling, or order solely with respect to the amount of attorneys' fees, a class representative fee or Litigation Expenses shall not be grounds for termination.

22

9.2    Silver Creek shall additionally have the right and option to terminate the Settlement and this Settlement Agreement in the event the number of opt-outs reaches the threshold amount of twenty percent (20%) of the claim value represented by the Settlement Class before opt-outs are taken into account.

9.3    If Silver Creek exercises the right to terminate the Settlement under any of the provisions of this Settlement Agreement that afford an option to terminate if certain facts and circumstances occur:

a.    this Settlement Agreement shall be canceled and terminated;

b.    the Effective Date shall not occur;

c.    Plaintiff and Silver Creek shall be restored to their respective positions as of the day before the Settlement was preliminarily agreed to on July 30, 2019;

d.    the terms and provisions of this Settlement Agreement, except as may be otherwise provided herein, shall have no further force and effect with respect to Plaintiff and Silver Creek and shall not be used in the Litigation or in any other proceeding by anyone for any purpose, and any Judgment or other order, including any order certifying the Settlement Class for settlement purposes only, entered by the Court in accordance with the terms of this Settlement Agreement, shall be treated as vacated, *nunc pro tunc*; and

e.    within ten (10) business days after any such termination, the Settlement Fund (including accrued interest) shall be restored to and reclaimed by Silver Creek.

9.4    Except as otherwise provided herein, in the event the Settlement is terminated, the Settlement shall be without prejudice, and none of the terms shall be effective or enforceable and the fact and terms of the Settlement shall not be admissible in any trial of the Litigation or in any

other litigation or proceeding, and, except as may be otherwise expressly provided, this Settlement Agreement shall be null and void and shall have no further force or effect, and Plaintiff, Silver Creek and the Settlement Class shall proceed in all respects as if this Settlement Agreement and any related orders had not been entered.

9.5     It is understood and agreed that Silver Creek does not agree or concede that the Settlement Class or any other class could be certified in this case for litigation purposes. Silver Creek agrees not to oppose Plaintiff's motions for preliminary and final approval, which necessarily include requests for certification of Settlement Class for settlement purposes only; however, Silver Creek's execution of this Settlement Agreement and its agreement not to object to those motions should not be construed as an admission or concession that any element of Rule 23(a), (b), or (g) has been or could be satisfied for litigation purposes. In the event this Settlement Agreement is terminated or otherwise fails, it is understood and agreed that Silver Creek shall not be estopped from challenging the existence of any of Rule 23's requirements for purposes of litigation. Further, it is understood and agreed that Silver Creek's execution of this Settlement Agreement shall not be construed or act as an admission or estoppel that any element of Rule 23(a), (b), or (g) has been satisfied in any other case.

## 10   APPEAL OF OBJECTORS

10.1     Any Settlement Class Member wishing to remain in the Settlement Class, but objecting to any part of the Settlement, can do so only as set forth herein and in the Notice of Settlement documents attached hereto as Exhibits 4 and 5.  If the Court determines the Settlement and the awards of attorneys' fees, a class representative fee and Litigation Expenses are fair to the Settlement Class as a whole, individual objections shall be severed for separate appeal and review based upon the individual claims of the objecting Settlement Class Member,

the intent being not to delay distribution to Settlement Class Members who do not object and not to delay payment of court awarded costs, fees and expenses except those which would be specifically subject to the objections) of the objecting Settlement Class Member(s).

10.2    If any appeal is taken by any objector(s) that challenges the Settlement to the remaining Settlement Class Members or any award of costs, fees and expenses, they shall, upon the request of Plaintiff, join in and support any motion to the trial court and/or appellate court seeking to have the appeal limited to the funds attributable to the royalty or overriding royalty interest(s) of the objecting Settlement Class Member(s), so that the appeal cannot challenge the Settlement as to the remaining Settlement Class Members challenge the overall award of costs, fees and expenses, or cause the non-objecting Settlement Class Members to be prejudiced by the delay in payment of their share of the Settlement Fund as a result of interference by objectors who seek to delay or otherwise affect payment of any funds beyond those the objectors might argue they are individually entitled to receive.  Because any appeal by an objecting Settlement Class Member would delay the payments under the Settlement, each Settlement Class Member would delay the payments under the Settlement, each Settlement Class Member that appeals agrees if such Settlement Class Member's claim and objection are not severed for separate appeal pursuant to the foregoing provisions, then each objecting Settlement Class Member shall put up a cash bond in an amount to be set by the Court.  In lieu of putting up a bond as described above, an objecting Settlement Class Member may voluntarily sever his or her cl aim and objection from the Litigation so that any appeal would not delay the Settlement.

## 11   OTHER TERMS AND CONDITIONS

11.1    Silver Creek expressly denies all allegations of wrongdoing or liability with respect to the claims and allegations in the Litigation.  It is expressly agreed neither this Settlement, the Settlement Agreement, not any document referred to herein, nor any action taken

to carry out the Settlement Agreement is, may be construed as, or may be used as, an admission by Silver Creek or the Released Parties of any fault, wrongdoing or liability whatsoever with respect to the claims and allegations in the Litigation and there has been no determination by any court, administrative agency or other tribunal regarding the claims and allegations made in the Litigation.   By agreeing to settle the claims of the Settlement Class, Silver Creek and the Released Parties do not admit that the Litigation would have been properly maintained as a contested class action and the Settlement Class does not admit any deficiency in the merits of their claims.  Silver Creek continues to assert it had valid defenses to Plaintiff's claims and that it has settled the case without the admission of any fault, wrongdoing or liability whatsoever. Silver Creek has entered into the Settlement Agreement solely to compromise the disputed claims and avoid the risk and expense of continued litigation.

11.2    Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related thereto, is not, and shall not be construed as, or deemed to be evidence of, an admission or concession by any of the Parties to the Settlement Agreement and shall not be offered or received in evidence in any action or proceeding by or against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of the Settlement between the Released Parties and any Settlement Class Member(s), the provisions of the Settlement Agreement, or the provisions of any related agreement, order, judgment or release.

11.3    After distribution of the Settlement Fund is complete, Plaintiff, Plaintiff's Counsel, Plaintiff's experts and any other persons who were provided documents and/or computer disks of documents produced by Silver Creek that were designated as confidential in the Litigation will return or destroy all such documents and computer disks, and will erase or

otherwise delete any and all data stored on computer or on computer disks of such documents or the data from such documents, and Plaintiff's Counsel will certify in writing to Silver Creek that such documents, disks, and data have been destroyed or returned and erased or deleted. This provision does not apply to: (1) transcript of depositions or trial testimony or other sworn statements of witnesses or exhibits to any transcripts or statements or to any documents filed in the public record, and (2) any documents Plaintiff and Silver Creek agree are not to be considered confidential. The above actions must be taken no later than six (6) months following a Final and Non-Appealable judgment in the Litigation. Any protective order on file in the Litigation will survive any Judgment issued by the Court. Any documents or other information not destroyed in accordance with this paragraph will remain subject to any protective order and all remedies thereunder.

11.4    Except as may be otherwise provided herein or by a writing signed by the Parties hereto, this Settlement Agreement shall constitute the entire agreement among Plaintiff and Silver Creek related to the Settlement of the Litigation, and no representations, warranties or inducements have been made to any party concerning the Settlement other than the representations, warranties and covenants contained and memorialized in the Settlement Agreement. This Settlement Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by the Parties hereto or their successors-in-interest.

11.5    Plaintiff and Silver Creek and their respective counsel have mutually contributed to the preparation of this Settlement Agreement. Accordingly, no provision of the Settlement Agreement shall be construed against any party on the grounds that one of the Parties or its counsel drafted the provision. Plaintiff and Silver Creek are each represented by competent

counsel who have advised their respective clients as to the legal effects of this Settlement, and neither Plaintiff nor Silver Creek have received or relied upon advice from opposing counsel. Except as otherwise provided herein, each party shall bear its own costs in connection with the Settlement and preparation of the Settlement Agreement.

11.9    To promote certainty, predictability, the full enforceability of this settlement agreement as written, and its nationwide application, this settlement agreement shall be governed solely by federal law both substantive and procedural as to due process, class certification, judgment, collateral estoppel, res judicata, release, settlement approval, allocation, case contribution award, the right to and reasonableness of attorney's fees and expenses, and all other matters for which there is Federal procedural or common law, including federal law regarding federal equitable common fund class actions.

11.6    The Settlement Agreement shall be binding upon, and inure to the benefit of, the successors, trustees and assigns of the parties hereto.

11.7    Plaintiff and Silver Creek intend this Settlement to be a final and complete resolution of all disputes asserted or that could be asserted with respect to the Released Claims. Plaintiff and Silver Creek agree the amounts paid and the other terms of this Settlement were negotiated at arm's-length and in good faith, and reflect a settlement reached voluntarily after consultation with experienced legal counsel.

11.8    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

11.9    All disputes and proceedings with respect to the administration of the Settlement Agreement and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the timeliness, validity and amounts of claims brought

hereunder, shall be subject to the jurisdiction of the Court in this Litigation. Plaintiff and Silver Creek waive any right to trial by jury of any dispute arising under or relating to this Settlement Agreement or the Settlement.

11.10 To the extent non-material modifications of this Settlement Agreement are necessary, such modification may be made by agreement among Plaintiff and Silver Creek after the date this Settlement Agreement was executed without further notice to the Settlement Class.

11.11 Each of the signatories to this Settlement Agreement and/or to any of the exhibits hereto, or any related separately-signed Settlement documents, warrant and represent they have the full authority to execute and approve the same for the party names in their signature block. Plaintiff and each member of the Settlement Class is deemed to represent and warrant that he, she or it holds the claims being released in the Settlement and that he, she, or it has full authority to release such claims.

11.12 This Settlement Agreement may be executed in one or more counterparts, and may be exchanged by facsimile, pdf and/or using other imaged signatures which shall be just as effective as original signatures. All executed counterparts taken together shall be deemed to be of the same instrument. Counsel for the parties to this Settlement Agreement shall exchange among themselves signed counterparts and a complete, assembled, and executed counterparts, a copy of which shall be filed with the Court.

**IN WITNESS WHEREOF**, the parties and Plaintiff's Counsel have executed this Agreement, in several, as of January 17, 2020.

**PLAINTIFF:**

**Ashcraft Group, LLC**

29

By: _Gaylene Ashcraft_

Name: _Gaylene Ashcraft_

Title: _Manager_

**PLAINTIFF'S COUNSEL:**

Kandi Jepsen Pate
Mark A. Wolfe
Pate & Wolfe
1900 Northwest Expressway, Suite 1300
Oklahoma City, OK 73118
pate_wolfe@sbcglobal.net

**SILVER CREEK**

**Silver Creek Oil & Gas, LLC**

By: _____

Name: _____

Title: _____

By: _____

Name: _____

Title: _____

**PLAINTIFF'S COUNSEL:**

Kandi Jepsen Pate
Mark A. Wolfe
Pate & Wolfe
1900 Northwest Expressway, Suite 1300
Oklahoma City, OK 73118
pate_wolfe@sbcglobal.net

**SILVER CREEK**

**Silver Creek Oil & Gas, LLC**

By: _Robt D Burnett_____

Name: _Richard A Burnett_____

Title: _CEO_____

31

**ATTACHMENTS**:

| | |
|---|---|
| Exhibit 1: | Preliminary Approval Order and Order on Class Certification for Settlement Purposes |
| Exhibit 2: | List of Certain Class Wells |
| Exhibit 3: | Order Approving Class Action Settlement and Final Judgment |
| Exhibit 4: | Notice of Settlement (for Mailing) |
| Exhibit 5: | Notice of Settlement (for Publication) |
| Exhibit 6: | Class Settlement Claim Form |

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

ASHCRAFT GROUP, LLC, for itself and )
all similarly situated, )
                                    )
        **Plaintiff,**            )
                                      )
**v.**                                      )     **Case No. 16-CV-388-KEW**
                                      )
**SILVER CREEK OIL & GAS, LLC,** )
                                      )
        **Defendant.**       )

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFYING THE CLASS FOR SETTLEMENT PURPOSES,
APPOINTING CLASS REPRESENTATIVE AND CLASS COUNSEL,
APPROVING FORM AND MANNER OF NOTICE,
APPOINTING SETTLEMENT ADMINISTRATOR,
AND SETTING DATE FOR FINAL FAIRNESS HEARING[1]**

      This is a class action lawsuit brought by Plaintiff, Ashcraft Group, LLC

("Plaintiff"), on behalf of itself and as representative of a Class of royalty and overriding

royalty owners (defined below), against Silver Creek Oil & Gas, LLC ("Defendant") for

the alleged non-payment of certain sums of interest to the putative class members and for

other related relief, as described in the Plaintiff's Petition and Amended Petition.

Plaintiff and Defendant have reached an agreement to settle this Litigation through the

creation of a Settlement Fund in the amount of $525,000.00. On January 17, 2020, the

Plaintiff and Defendant executed a Settlement Agreement (the "Settlement Agreement")

memorializing the terms of a proposed class settlement. The Settlement Agreement,

together with the exhibits thereto, sets forth the terms and conditions for the proposed

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to
them in the Settlement Agreement.

settlement of the claims described in the Settlement Agreement. Plaintiff and Defendant now present the Settlement to the Court for preliminary approval under Federal Rule of Civil Procedure 23.

After reviewing the pleadings and Plaintiff's Motion, and Memorandum of Law in Support thereof, of Plaintiff's Motion to Certify the Settlement Class for Settlement Purposes, Preliminarily Approve Class Action Settlement, Approve Form and Manner of Notice and Set Date for Final Approval Hearing ("Motion for Preliminary Approval") the Court has preliminarily considered the settlement to determine, among other things, whether the settlement warrants the issuance of notice to the putative Settlement Class Members. Upon reviewing the settlement under the terms of the Settlement Agreement and the Motion for Preliminary Approval, it is hereby **ORDERED, ADJUDGED AND DECREED** as follows:

1.      For purposes of this Order, the Court adopts all defined terms as set forth in the Settlement Agreement unless otherwise defined herein.

2.      Having considered the parties' submissions and other authorities regarding the issue of subject matter jurisdiction in this case, the Court finds that it has subject matter jurisdiction over this action.

3.      The Court finds the Settlement Class should be certified for the purposes of this settlement, as the Settlement Class meets all certification requirements of Federal Rule of Civil Procedure 23 for a settlement class. The Settlement Class is certified for settlement purposes only. Because this case has been settled at this stage of the proceedings, the Court does not reach, and makes no ruling either way, as to the issue of

whether the Settlement Class certified by agreement for settlement purposes could have ever been certified in this case for litigation purposes.

The certified Settlement Class is defined as follows:

> All non-excluded persons or entities who are or were royalty and/or overriding royalty interest owners in oil and gas wells located in Oklahoma and operated by Silver Creek, who were paid proceeds for production that occurred during the Claims Period of January 1, 2012 to March 31, 2017, except for those production proceeds paid by Silver Creek on behalf of take-in-kind Owners who marketed their own oil and gas. Persons and/or entities excluded from the Settlement Class are (1) all agencies, departments and instrumentalities of the State of Oklahoma and/or the United States of America, (2) persons or entities that Plaintiff's counsel is, or may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct, and (3) Officers of the Court.

4.      The Court finds the above-defined Class satisfies all prerequisites of Federal Rule of Civil Procedure 23(a) for purposes of the proposed class settlement:

a.      <u>Numerosity</u>.  Plaintiff has demonstrated "[t]he class is so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1).  The Tenth Circuit has not adopted a set number as presumptively sufficient to meet this burden, and there is "no set formula to determine if the class is so numerous that it should be so certified." *Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006). Whether a class satisfies the numerosity requirement is "a fact-specific inquiry" district courts have "wide latitude" in determining.  *In re Cox Enters., Inc.*, No. 12-ML-2048-C, 2014 U.S. Dist. LEXIS 2459, *13 (W.D. Okla. Jan. 9, 2014) (quoting *Trevizo*, 455 F.3d at 1162).  Here, the Settlement Class consists of

thousands of owners. Therefore, the Court finds the numerosity prerequisite is met.

b. <u>Commonality</u>. Plaintiff has also demonstrated, considering the fact the Litigation will be settled instead of proceeding to trial, "[t]here are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2).

c. <u>Typicality</u>. Plaintiff has also shown, considering the fact the Litigation will be settled instead of proceeding to trial, "[t]he claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3).

d. <u>Adequacy</u>. Plaintiff and Plaintiff's Counsel have, in the present settlement context, demonstrated "[t]he representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4).

In addition, because the Court finds Plaintiff and Plaintiff's Counsel to be adequate representatives of the Settlement Class, the Court hereby appoints Plaintiff as Class Representative and Plaintiff's Counsel as Class Counsel.

5. The Court also finds the requirements of FED. R. CIV. P. 23(b)(3) are met:

a. <u>Predominance</u>. Taking into account the fact the Litigation is being resolved by settlement rather than trial, Class Representative has shown "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." FED. R. CIV. P. 23(b)(3).

b.    Superiority.  Class Representative has also established in the present settlement context "that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." FED. R. Civ. P. 23(b)(3).

In sum, the Court finds all prerequisites and requirements of Federal Rule of Civil Procedure 23(a)-(b) are satisfied for purposes of certifying a class for settlement purposes, and the Class is hereby certified for the purposes of this settlement only.

6.    The Court preliminarily finds (a) the proposed settlement resulted from extensive arm's-length negotiations; (b) the proposed settlement was agreed to only after Class Counsel had conducted legal research and discovery regarding the strengths and weakness of Class Representative and the Settlement Class' claims; (c) Class Representative and Class Counsel have concluded the proposed settlement is fair, reasonable, and adequate; and (d) the proposed settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed settlement to the Settlement Class.[2]

7.    Having considered the essential terms of the settlement under the recognized standards for preliminary approval as set forth in the relevant jurisprudence, the Court preliminarily approves the settlement, subject to the right of any member of the putative Settlement Class to challenge the fairness, reasonableness, and adequacy of the settlement, as memorialized through the Settlement Agreement, and to show cause, if any

---

[2] Preliminary approval is appropriate where the proposed settlement is the product of serious, informed, non-collusive negotiations, has no obvious-deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval.  *In re Motor Fuel Temperature Sales Practices Litig.*, No. 07–MD–1840, 2011 WL 4431090, at *5 (D. Kan. Sept. 22, 2011).

exists, why a Final Judgment dismissing the Litigation based on the Settlement Agreement should not be ordered after adequate notice to the putative Settlement Class has been given in conformity with this Order.  As such, the Court finds those Settlement Class Members whose claims would be settled, compromised, dismissed, and/or released pursuant to the settlement should be given notice and an opportunity to be heard regarding final approval of the settlement and other matters.

8.     The Court further preliminarily approves the form and content of the proposed Notice and the proposed Summary Notice, which are attached to the Settlement Agreement as Exhibits 4 and 5, respectively, and finds the Notice and Summary Notice are the best notice practicable under the circumstances, constitute due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfy the requirements of applicable laws, including due process and Federal Rule of Civil Procedure 23.  The Court finds the form and content of the Notice and Summary Notice fairly and adequately:  (a) describe the terms and effect of the settlement, including the method for Settlement Class Members to submit claims and the manner for distributing Settlement Funds to the Settlement Class Members who timely submit proper claims; (b) notify the putative Settlement Class that Class Counsel will seek attorneys' fees, reimbursement of Litigation Expenses, and a Case Contribution Award for Class Representative's services; (c) notify the putative Settlement Class of the time and place of the Final Fairness Hearing; (d) describe the procedure for requesting exclusion from the settlement; and (e) describe the procedure for objecting to the settlement or any part thereof.

9.     The Court also preliminarily approves the proposed manner of communicating the Notice and Summary Notice to the putative Settlement Class, as set out below, and finds it is the best notice practicable under the circumstances, constitutes due and sufficient notice to all persons and entities entitled to receive such notice, and fully satisfies the requirements of applicable laws, including due process and FED. R. CIV. P. 23:

a.     As soon as reasonably practicable following entry and within sixty (60) days of entry of this Order, the Defendant and/or the Settlement Administrator will mail (or cause to be mailed) the Notice of Settlement by first class mail to all Class Members who have been identified after reasonable efforts to do so.  For wells currently operated by Defendant, the Notice of Settlement will be mailed to putative Settlement Class Members using reasonably recent ownership and contact information maintained by the Defendant for the distribution of production proceeds.  For wells that were operated by the Defendant during some part of the Claim Period but are no longer operated by the Defendant, the Notice of Settlement will be mailed within the above-stated time period based on the most recent information as to owner names and addresses available to the Defendant.  For wells that are no longer producing, the Notice of Settlement will be mailed to the last known royalty and overriding royalty owners based on electronic data reasonably available to the Defendant.  The Settlement Administrator will also publish the summary form of the Notice of Settlement as described below.

b.     On or before the tenth (10th) business day after the mailing of the Notice begins, the Defendant or the Settlement Administrator also shall publish (or

7

cause to be published) the Summary Notice one time in each of the following newspapers: the Seminole Producer and the Hughes County Tribune..

c.      Within sixty (60) days of the date of this Order, the Settlement Administrator will also post (or cause to be posted) the Notice and Summary Notice on a website dedicated to information on the proposed settlement of this Litigation, www._____.com, along with other documents related to the settlement and associated exhibits.

d.      All costs of administering, disseminating, and communicating the Notice and Summary Notice to the Class shall be paid in accordance with the Settlement Agreement.

10.    Class Counsel is authorized to act on behalf of the putative Settlement Class with respect to all acts required by, or which may be taken pursuant to, the Settlement Agreement, or such other acts as are reasonably necessary to consummate the proposed settlement provided for in the Settlement Agreement.

11.    The Court appoints Cynthia Heymans of SeaDog Accounting, LLC, as Settlement Administrator to receive and process any Requests for Exclusion or inquiries submitted by Settlement Class Members and such other matters as the Defendant may call upon the Settlement Administrator rather than other personnel to perform in connection with the proposed settlement.  If the settlement is finally approved by the Court, such Settlement Administrator is authorized to supervise and administer the settlement in accordance with the Settlement Agreement.

12.     Pursuant to FED. R. CIV. P. 23(e), a Final Fairness Hearing shall be held on _____, 2020 at _____ A.M. in the United States District Court for the Eastern District of Oklahoma, United States Magistrate Judge Kimberly E. West presiding, to:

a.      determine whether the proposed settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Class;

b.      determine whether the notice method utilized by the Defendant: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated, under the circumstances, to apprise putative Settlement Class Members of the pendency of the litigation, the proposed settlement, their right to exclude themselves from the settlement, their right to object to the settlement, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and other applicable law;

c.      determine whether a Final Judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Litigation against the Defendant with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Settlement Agreement;

d.      determine the proper method for administration of claims submitted by the Settlement Class Members and ultimate distribution of the Settlement Fund,

9

including a ruling as to the proposed method for Settlement Class Members to submit claims and the manner for distributing Settlement Funds to the Settlement Class Members who timely submit proper claims;

e.      determine whether the applications for attorneys' fees, reimbursement for Litigation Expenses, and a Case Contribution Award to Class Representative are fair and reasonable and should be approved; and

f.      rule on such other matters as the Court may deem appropriate.

13.      The Court reserves the right to adjourn, continue, and reconvene the Final Fairness Hearing, or any aspect thereof, including the consideration for the application of attorneys' fees and reimbursement of Litigation Expenses, without further notice to the putative Settlement Class.

14.      The Court reserves the right to continue the Final Fairness Hearing to a later date than the date provided for in the formal notices to the putative Settlement Class, and to approve the settlement at or after the Final Fairness Hearing without further notice to the putative Settlement Class.

15.      Class Members wishing to exclude themselves from the Settlement Class pursuant to FED. R. CIV. P. 23(e)(4) must deliver or send to the Clerk of the Court for filing a valid and timely Request for Exclusion within the time frame set forth below. All Requests for Exclusion must include: (a) the Settlement Class Member's name, address, telephone number, and signature; (b) a statement that the Settlement Class Member wishes to be excluded from the Settlement Class in this Litigation; and (c) the name(s) of the Class Wells(s) in which the Settlement Class Member claims to own an

interest.

Requests for Exclusion must be delivered or sent by mail or special delivery service, on or before _____, 2020 to:

Clerk of the Court
United States District Court for the Eastern District of Oklahoma
101 N. 5th Street
Muskogee, OK  74401

Any putative Settlement Class Member that has not timely and properly requested exclusion from the Settlement Class shall be included in the settlement and shall be bound by the terms of the Settlement Agreement in the event it is finally approved by the Court.

16.     Copies of all Requests for Exclusion shall be provided by Class Counsel to the Settlement Administrator.

17.     Any Settlement Class Member who wishes to object to the fairness, reasonableness, or adequacy of the proposed settlement, any term of the Settlement Agreement, the proposed request for attorneys' fees and Litigation Expenses, or the proposed request for a Case Contribution Award to Class Representative may file an objection.  To object, you must either deliver or send for filing to the above Clerk of the Court, by mail or special delivery service, a written statement advising as to the matters you object to (and containing the items listed below).  The written statement of objection should be sent to the above address of the Clerk of the Court on or before _____, 2020; provided, however, that if you send the letter required above by mail or special delivery service, it is sufficient for the letter to be post-

marked on or before that date.  You must include in your written statement of objection the following:

>    (a)    A heading referring to *Ashcraft Group, LLC v. Silver Creek Oil & Gas, LLC,* No. 16-CV-388-KEW, in the United States District Court for the Eastern District of Oklahoma;

>    (b)    A statement as to whether the objector intends to appear at the Fairness Hearing, either in person or through counsel, and, if through counsel, identifying counsel by name, address and telephone number;

>    (c)    A statement of the specific legal and factual basis for the objection;

>    (d)    A list of any witnesses the objector wishes to call at the Fairness Hearing;

>    (e)    Copies of any exhibits the objector may seek to use at the Fairness Hearing;

>    (f)    The objector's current address;

>    (g)    The objector's current telephone number;

>    (h)    The objector's signature; and,

>    (i)    Identification of the Class Well(s) (by well name) in which the objector claims to own an interest.

Any Class Member who does not timely file and serve a valid written objection shall be foreclosed from raising any such objection to the settlement, and any untimely or invalid objection shall be barred absent an Order from the Court providing to the contrary.  Class Counsel and/or the Defendant's Counsel may file any reply or response to any objections no later than 5:00 p.m. CDT on _____, 2020.  The procedures set forth in this paragraph do not supplant, but are in addition to, any procedures required by the Federal Rules of Civil Procedure.

18.     Any objector who timely files and serves a valid written objection in accordance with the above paragraph may also appear at the Final Fairness Hearing, either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to present any objection at the Final Fairness Hearing must comply with the Local Rules of this Court and must include, along with their written objection described in the above paragraph, a Notice of Intention to Appear at Final Fairness Hearing, which, in accordance with the Settlement Agreement and Notice, shall affirmatively state such intention to appear and present and shall include the Class Member's name, address, telephone number, and notarized signature.

19.     Class Counsel and the Defendant's Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

20.     No later than 5:00 p.m. CDT on _____, 2020, Class Representative and Class Counsel shall file any requests for approval of attorneys' fees, reimbursement of Litigation Expenses, and a Case Contribution Award.

21.     If the settlement is not approved by the Court, is terminated in accordance with the terms of the Settlement Agreement, or otherwise does not become Final and Non-Appealable for any reason whatsoever, the proposed settlement, Settlement Agreement and any actions taken or to be taken in connection therewith (including this Order and any Judgment entered herein), shall be terminated and become void and of no further force and effect, except any obligations or provisions in the settlement agreement relating to the reimbursement of attorney's fees and other costs, the payment of costs and expenses incurred in connection with notice and administration, and any other obligation

or provision expressly designated in the Settlement Agreement to survive termination of the settlement, shall survive termination of the Settlement Agreement and settlement.

22.    All proceedings in the Litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the settlement, are hereby stayed and suspended until further order of this Court.   Pending final approval of the proposed settlement, Class Representative and all putative Settlement Class Members are barred, enjoined, and restrained from commencing, prosecuting, continuing, or asserting in any forum, either directly or indirectly, on their own behalf or on the behalf of any other person or class, any Released Claim against Released Parties.

23.    The Settlement Agreement, whether or not consummated, the negotiations thereof, and any related communications made, proceedings taken, or orders entered pursuant thereto, are not admissible as evidence for any purpose against Class Representative, the Settlement Class or the Defendant in any pending or future litigation. Neither this Order nor the Settlement Agreement (and any documents and actions made pursuant thereto) shall be construed or used as an admission, concession, or declaration by or against the Defendant of any fault, wrongdoing, breach, or liability, and the Defendant specifically deny any such fault, wrongdoing, breach, or liability.  This Order shall not be construed or used as an admission, concession, or declaration by or against Class Representative or the Class that their claims lack merit or that the relief requested in the Litigation is inappropriate, improper, or unavailable.  This Order shall not be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she, or it may have in the event the settlement is

terminated. Moreover, the settlement and any proceedings taken pursuant to the settlement are for settlement purposes only. Neither the fact of, nor any provision contained in the Settlement Agreement or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received into evidence as, or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

24. The Court hereby retains jurisdiction over this Litigation to consider all further matters arising out of or connected with the settlement reflected in the Settlement Agreement, including enforcement of the releases provided for in the Settlement Agreement. The Court also hereby retains jurisdiction over this Litigation to administer all other matters related to the enforcement or enforceability of the Settlement Agreement and settlement and the orders of the Court related thereto.

25. The Court may, for good cause shown, extend any of the deadlines set forth in this Order without further written notice to anyone other than counsel of record in the Litigation.

IT IS SO ORDERED this ___ day of _____ 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

# Exhibit 2

| Well Name | County | Section | Township | Range | API Number | Well Code |
|---|---|---|---|---|---|---|
| AGGIE 28-1H | LOVE | 28 | 8S | 2E | 35085211610000 | OK12-001 |
| ALLIANCE 19-7H | SEMINOLE | 19 | 6N | 8E | 35133250830000 | OK05-061 |
| ALLIANCE 19-8H | SEMINOLE | 19 | 6N | 8E | 35133250840000 | OK05-067 |
| ASSEMBLY HALL 15-5H | HUGHES | 15 | 6N | 8E | 35063245130000 | OK05-054 |
| AUSTIN 17-5H | HUGHES | 17 | 5N | 9E | 35063244050000 | OK05-057 |
| BADGER 21-1H | HUGHES | 21 | 5N | 10E | 35063243950000 | OK05-047 |
| BARRINGTON 9-1 | GRADY | 9 | 4N | 5W | 35051211710000 | 350079 |
| BEAR 27-1H | LOVE | 28 | 8S | 2E | 35085212490000 | OK12-006 |
| BEESON 1-23 | STEPHENS | 23 | 1N | 4W | 35137251760000 | 350184 |
| BISON 28-1H | HUGHES | 28 | 5N | 10E | 35063243960000 | OK05-046 |
| BLACKBEARD 16-8H | COAL | 16 | 3N | 9E | 35029210650000 | OK05-130 |
| BOA 4-3H | SEMINOLE | 9 | 7N | 7E | 35133251310000 | OK09-043 |
| BOGGESS A2 | DEWEY | 15 | 17N | 16W | 35043202740000 | 350050 |
| BONGO 7-6H | HUGHES | 7 | 4N | 9E | 35063243800000 | OK05-040 |
| BRONCO 17-5H | CLEVELAND | 17 | 7N | 1E | 35027214630000 | OK10-012 |
| BRUMBY 14-6H | HUGHES | 14 | 5N | 9E | 35063243730000 | OK05-033 |
| CAIN #3-28 | LOVE | 28 | 8S | 2E | 35085211370000 | 350285 |
| CAPITOL 32-1H | SEMINOLE | 32 | 7N | 8E | 35047031340000 | OK09-022 |
| COBRA 12-1H | HUGHES | 12 | 5N | 9E | 35063242030000 | OK05-023 |
| COLISEUM 30-1H | SEMINOLE | 30 | 6N | 8E | 35133251320000 | OK05-136 |
| DALLAS 15-5H | HUGHES | 15 | 6N | 8E | 35063244040000 | OK05-055 |
| DANCE 15-1H | SEMINOLE | 15 | 6N | 6E | 35133251960000 | OK10-013 |
| DINGO 11-1H | HUGHES | 11 | 5N | 9E | 35063242590000 | OK05-010 |
| DUERKSON | MAJOR | 12 | 21N | 13W | 35093218790000 | 350169 |
| DUGONG 29-8H | HUGHES | 29 | 5N | 10E | 35063243940000 | OK05-044 |
| EIFFEL 9-1H | HUGHES | 9 | 6N | 8E | 35063244710000 | OK09-049 |
| EIFFEL 9-2H | HUGHES | 9 | 6N | 8E | 35063244480000 | OK09-050 |
| EIFFEL 9-3H | HUGHES | 9 | 6N | 8E | 35063244900000 | OK09-051 |
| EMMONS 1-19 | MAJOR | 19 | 22N | 9W | 35093216760000 | 350170 |
| EMPIRE STATE 20-1H | SEMINOLE | 20 | 6N | 8E | 35133250700000 | OK05-060 |
| EMPIRE STATE 20-2H | SEMINOLE | 20 | 6N | 8E | 35133250720000 | OK05-063 |
| EMPIRE STATE 20-4H | SEMINOLE | 20 | 6N | 8E | 35063244230000 | OK05-064 |

| EMPIRE STATE 20-6H | SEMINOLE | 20 | 6N | 8E | 35063244270000 | OK05-065 |
| EMPIRE STATE 20-8H | SEMINOLE | 20 | 6N | 8E | 35063244290000 | OK05-066 |
| FLAT IRON 22-4H | HUGHES | 22 | 6N | 8E | 35063245100000 | OK05-153 |
| GARMAN # 1 ANR | MAJOR | 20 | 20N | 14W | 35093218570000 | 350171 |
| GARMAN 1-20 | MAJOR | 20 | 20N | 14W | 35093134800000 | 350172 |
| GATOR 13-1H | HUGHES | 13 | 5N | 9E | 35063240440000 | OK05-005 |
| GECKO 22-1H | HUGHES | 22 | 5N | 9E | 35063242210000 | OK05-028 |
| GORE 1-8 | DEWEY | 8 | 17N | 17W | 35043224150000 | 350056 |
| HENNESSEY | KINGFISHER | 19 | 19N | 7W | 35073226100000 | 350141 |
| HORNED FROG 28-1H | LOVE | 28 | 8S | 2E | 35085211950000 | OK12-007 |
| HUNTSMAN 6-2H | HUGHES | 6 | 5N | 10E | 35063243830000 | OK05-041 |
| HUNTSMAN 6-3H | HUGHES | 6 | 5N | 10E | 35063243840000 | OK05-045 |
| HUTTO #1 | STEPHENS | 25 | 1S | 9W | 35137263110000 | 350200 |
| IRVING 8-4H | HUGHES | 8 | 6N | 9E | 35063244250000 | OK05-070 |
| JERSEY 16-4H | HUGHES | 16 | 5N | 10E | 35063243790000 | OK05-039 |
| JONES LEE 1-2 | KINGFISHER | 2 | 18N | 8W | 35073217210000 | 350142 |
| LAMLE 1-5 | BLAINE | 5 | 18N | 10W | 35011227420000 | 350008 |
| LIBERTY 31-7H | SEMINOLE | 31 | 7N | 8E | 35133251740000 | OK09-059 |
| LIBERTY 31-8H | SEMINOLE | 31 | 7N | 8E | 35133251730000 | OK09-023 |
| LIZARD 19-1H | HUGHES | 19 | 5N | 10E | 35063242410000 | OK05-022 |
| LONGHORN 27-1H | LOVE | 27 | 8S | 2E | 35085211960000 | OK12-005 |
| LOUVRE 15-3H | HUGHES | 15 | 7N | 8E | 35063245090000 | OK09-061 |
| LUBBOCK 14-1H | HUGHES | 14 | 6N | 8E | 35063244240000 | OK05-058 |
| LUXOR 12-3H | POTTAWATOMIE | 13 | 5N | 7E | 35133252150000 | OK05-157 |
| LYONS #1-6 | HUGHES | 6 | 5N | 11E | 35063220070000 | OK05-068 |
| MERCURY 8-5H | SEMINOLE | 8 | 6N | 8E | 35063244590000 | OK09-054 |
| MERCURY 8-6H | HUGHES | 8 | 6N | 8E | 35063244580000 | OK09-015 |
| MERCURY 8-7H | HUGHES | 8 | 6N | 8E | 35063244600000 | OK09-016 |
| MERCURY 8-8H | HUGHES | 8 | 6N | 8E | 35063244720000 | OK09-048 |
| MITCHELL 2-1 | CARTER | 2 | 1S | 3W | 35019224800000 | 350044 |
| MONFORT A-5 | MAJOR | 28 | 23N | 15W | 35093200480000 | 350175 |
| MONGOOSE 17-2H | HUGHES | 17 | 5N | 10E | 35063243690000 | OK05-038 |
| MOORE B 1-6 | DEWEY | 6 | 18N | 20W | 35043217270000 | 350060 |
| MOORE S. I-35 | CLEVELAND | 35 | 10N | 3W | 35027210210000 | 350048 |

| MR. JONES 13-5H | SEMINOLE | 13 | 6N | 6E | 35133250990000 | OK10-004 |
| N.E. THACKERVILLE WF UNIT | LOVE | 28 | 8S | 2E | | 350264 |
| NEON MOON 32-1H | SEMINOLE | 32 | 6N | 7E | 35133250890000 | OK10-001 |
| OKAPI 17-1H | HUGHES | 17 | 4N | 9E | 35063242620000 | OK05-034 |
| PANDA 5-1H | HUGHES | 5 | 5N | 9E | 35063242370000 | OK05-026 |
| PARROT 18-1H | HUGHES | 18 | 5N | 10E | 35063242230000 | OK05-020 |
| PENTAGON 5-1H | SEMINOLE | 5 | 6N | 8E | 35133251720000 | OK09-025 |
| PERRY 1-20 | MAJOR | 20 | 20N | 9W | 35093233670000 | 350177 |
| PETRONAS 20-6H | SEMINOLE | 20 | 7N | 8E | 35063244420000 | OK09-003 |
| PISACKA 1-9 | DEWEY | 9 | 17N | 17W | 35043224410000 | 350061 |
| RANDAL A 1-20 | MAJOR | 20 | 23N | 15W | 35093233730000 | 350178 |
| REDBEARD 15-1H | COAL | 15 | 3N | 9E | 35029212350000 | OK05-131 |
| RENAISSANCE 25-5H | SEMINOLE | 24 | 6N | 7E | 35133251410000 | OK05-138 |
| RENAISSANCE 25-6H | SEMINOLE | 25 | 6N | 7E | 35133251370000 | OK05-139 |
| RENAISSANCE 25-7H | SEMINOLE | 25 | 6N | 7E | 35133251380000 | OK05-140 |
| RENAISSANCE 25-8H | SEMINOLE | 25 | 6N | 7E | 35133251290000 | OK05-137 |
| REUNION 7-1H | SEMINOLE | 7 | 6N | 8E | 35133251980000 | OK05-155 |
| ROO 7-1H | HUGHES | 7 | 5N | 10E | 35063243810000 | OK05-042 |
| ROO 7-2H | HUGHES | 7 | 5N | 10E | 35063243900000 | OK05-048 |
| SANDERS 1-25 | DEWEY | 25 | 18N | 16W | 35043215480000 | 350064 |
| SANDERS 1-29 | LOVE | 29 | 8S | 2E | 35085201010000 | 350163 |
| SANDMAN 35-1H | SEMINOLE | 35 | 7N | 6E | 35133251090000 | OK10-006 |
| SEAHAWK 4-7H | POTTAWATOMIE | 4 | 6N | 2E | 35125238560000 | OK11-001 |
| SEARS 18-2H | SEMINOLE | 18 | 6N | 8E | 35133250640000 | OK05-062 |
| SHANGHAI 17-7H | SEMINOLE | 17 | 7N | 8E | 35063244430000 | OK09-005 |
| SILVERBACK 20-8H | HUGHES | 20 | 5N | 10E | 35063243930000 | OK05-043 |
| SOUTH MIDDLEBURG BOYD SAND | GRADY | 29 | 7N | 5W | | 350132 |
| SPACE NEEDLE 17-2H | SEMINOLE | 17 | 6N | 8E | 35133250230000 | OK05-054 |
| STIDHAM A 2-21* | DEWEY | 21 | 18N | 16W | 35043216310000 | 350065 |
| STRATA 29-1H | SEMINOLE | 29 | 6N | 8E | 35133250240000 | OK05-056 |
| SUTTER FARMS 3-13 | MAJOR | 13 | 22N | 14W | 35093229710000 | 350179 |
| THOMSEN 8-1 | DEWEY | 8 | 17N | 17W | 35043224330000 | 350069 |
| TIGER 21-1H | LOVE | 21 | 8S | 2E | 35085211660000 | OK12-002 |
| TIP GRAHAM | STEPHENS | 7 | 1N | 4W | 35137244740000 | 350198 |

| TOYO 10-4H | HUGHES | 10 | 6N | 8E | 35063244350000 | OK05-132 |
| VICKI 34-9 | KINGFISHER | 34 | 15N | 6W | 35073240340000 | 350147 |
| WADE 1-17 | STEPHENS | 17 | 1N | 4W | 35137242010000 | 350185 |
| WALLABEE 25-1H | HUGHES | 25 | 5N | 9E | 35063241890000 | OK05-009 |
| WARNER 22-11 | MAJOR | 22 | 21N | 15W | 35093234900000 | 350181 |
| WHITE HOUSE 6-5H | SEMINOLE | 6 | 6N | 8E | 35133251620000 | OK09-060 |
| WHITE HOUSE 6-6H | SEMINOLE | 6 | 6N | 8E | 35133251780000 | OK09-055 |
| WHITE HOUSE 6-7H | SEMINOLE | 6 | 6N | 8E | 35133251770000 | OK09-056 |
| WHITE HOUSE 6-8H | SEMINOLE | 6 | 6N | 8E | 35133251750000 | OK09-024 |
| WOBBEGONG 8-1H | HUGHES | 8 | 4N | 9E | 35063242170000 | OK05-025 |
| WOMBAT 1-H | HUGHES | 1 | 5N | 9E | 35063242540000 | OK05-030 |
| YALE 21-3H | SEMINOLE | 21 | 8N | 5E | 35133000000000 | OK09-010 |
| ZEBRA 30-1H | HUGHES | 30 | 5N | 10E | 35063241170000 | OK05-012 |

# Exhibit 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

ASHCRAFT GROUP, LLC, for itself and )
all similarly situated,              )
                                 )
         Plaintiff,       )
                                 )
v.                            )     Case No. 16-CV-388-KEW
                                 )
SILVER CREEK OIL & GAS, LLC,  )
                                 )
        Defendant.     )

## ORDER AND FINAL JUDGMENT GRANTING FINAL APPROVAL
## OF CLASS ACTION SETTLEMENT

This is a class action lawsuit brought by Class Representative, Ashcraft Group, LLC, on behalf of itself and as representative of a proposed Class of royalty and overriding royalty owners (defined below), against Silver Creek Oil & Gas, LLC (referred to at times as "Defendant" or "Silver Creek") for the alleged non-payment of certain sums of interest to the putative class members and for other related relief, as described in the Class Representative's Petition and Amended Complaint. On January 17, 2020, the Class Representative and Defendant executed a fully-composed Settlement Agreement, with completed exhibits (the "Settlement Agreement"), finalizing the terms of the proposed Settlement.[1]

On _____, 2020, the Court preliminarily approved the Settlement and issued its Order Granting Preliminary Approval of Class Action Settlement, Certifying

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Settlement Agreement.

the Class for Settlement Purposes, Approving Form and Manner of Notice, and Setting Date for Final Fairness Hearing (the "Preliminary Approval Order"). In the Preliminary Approval Order, the Court, *inter alia*:

      a.     certified the Settlement Class for settlement purposes only, finding all requirements of Federal Rule of Civil Procedure 23 have been satisfied with respect to the proposed Settlement Class;

      b.     appointed Plaintiff, Ashcraft Group, LLC, as Class Representative and the law firms of Pate & Wolfe and Taylor, Foster, Downs, Ramsey & Russell as Class Counsel;

      c.     preliminarily found: (i) the proposed Settlement resulted from extensive arm's-length negotiations; (ii) the proposed Settlement was agreed to only after Class Counsel had conducted legal research and fact and expert analysis regarding the strengths and weaknesses of Class Representative's and the Settlement Class' claims; (iii) Class Representative and Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate; and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class;

      d.     preliminarily approved the Settlement as being the product of serious, informed, non-collusive negotiations, has no obvious-deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval. *In re Motor Fuel*

*Temperature Sales Practices Litig.*, No. 07–MD–1840, 2011 WL 4431090, at \*5 (D. Kan. Sept. 22, 2011).

      e.      preliminarily approved the form and manner of the proposed Notice, and Summary Notice to be communicated to the Settlement Class, finding specifically that such Notice and Summary Notice, among other information: (i) described the terms and effect of the Settlement; (ii) notified the Settlement Class that Class Counsel will seek attorneys' fees, reimbursement of Litigation Expenses, and a Case Contribution Award for Class Representative's services; (iii) notified the Settlement Class of the time and place of the Final Fairness Hearing; (iv) described the procedure for requesting exclusion from the Settlement; and (v) described the procedure for objecting to the Settlement or any part thereof;

      f.      instructed the Settlement Administrator to disseminate the approved Notice to the Settlement Class and to publish the Summary Notice in accordance with the Settlement Agreement and in the manner approved by the Court, with all costs of administering such Notice to be borne by the Defendant;

      g.      provided for the appointment of a Settlement Administrator;

      h.      provided for the establishment of an Escrow Account;

      i.      set the date and time for the Final Fairness Hearing as _____, 2020 at __.M. in the United States District Court for the Eastern District of Oklahoma; and

        j.      set out the procedures and deadlines by which Settlement Class Members could properly request exclusion from the Settlement Class or object to the Settlement or any part thereof.

After the Court issued the Preliminary Approval Order, due and adequate notice by means of the Notice and Summary Notice was given to the Settlement Class, notifying them of the Settlement and the upcoming Final Fairness Hearing. On _____, 2019, in accordance with the Preliminary Approval Order and the Notice, the Court conducted a Final Fairness Hearing to, *inter alia*:

        a.      determine whether the Settlement should be approved by the Court as fair, reasonable, and adequate and in the best interests of the Settlement Class;

        b.      determine whether the notice method utilized by the Defendant: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of the litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and other applicable law;

        c.      determine whether to approve the method for Settlement Class Members to submit claims and the manner for distributing Settlement Funds to the Settlement Class Members who timely submit proper claims;

      d.      determine whether a Judgment should be entered pursuant to the Settlement Agreement, *inter alia*, dismissing the Litigation against the Defendant with prejudice and extinguishing, releasing, and barring all Released Claims against all Released Parties in accordance with the Settlement Agreement;

      e.      determine whether the applications for attorneys' fees, reimbursement for Litigation Expenses, and Case Contribution Award to Class Representative are fair and reasonable and should be approved;[2] and

      f.      rule on such other matters as the Court deems appropriate.

The Court, having reviewed the Settlement Agreement and all related pleadings and filings, and having heard the evidence and argument presented at the Final Fairness Hearing, now **FINDS, ORDERS, and ADJUDGES as follows**:

1.      The Court, for purposes of this Order and Judgment (the "Final Judgment"), adopts all defined terms as set forth in the Settlement Agreement and incorporates them as if fully set forth herein.

2.      The Court has subject matter jurisdiction over this Action and all matters relating to the Settlement, as well as personal jurisdiction over the Defendant and Settlement Class Members.

3.      The Settlement Class, which was certified in the Court's Preliminary Approval Order, is defined as:

---

[2] The Court will issue a separate Order pertaining to Class Counsel's request for attorneys' fees and reimbursement of Litigation Expenses and Class Representative's request for a Case Contribution Award.

All non-excluded persons or entities who are or were royalty and/or overriding royalty interest owners in oil and gas wells located in Oklahoma and operated by Silver Creek, who were paid proceeds for production that occurred during the Claims Period of January 1, 2012 to March 31, 2017, except for those production proceeds paid by Silver Creek on behalf of take-in-kind Owners who marketed their own oil and gas. Persons and/or entities excluded from the Settlement Class are (1) all agencies, departments and instrumentalities of the State of Oklahoma and/or the United States of America, (2) persons or entities that Plaintiff's counsel is, or may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct, and (3) Officers of the Court.

The Court finds that the above-defined Settlement Class has been properly certified for the purposes of this Settlement. The Court finds that the persons and entities identified in the attached Exhibit 1 have filed timely and valid Requests for Exclusion and are hereby excluded from the foregoing Settlement Class, will not participate in or be bound by the Settlement, or any part thereof, as set forth in the Settlement Agreement, and will not be bound by or subject to the Releases provided for in this Final Judgment.

4.     As used in this Final Judgment, the following terms shall have the following meanings:

a.     **"Released Claims"** shall mean all claims of Settlement Class Members or their successors or assigns against Silver Creek, any subsidiaries or affiliates of Silver Creek, and any officers, directors, employees, agents, representatives, predecessors, consultants, servants, stockholders, members, successors, and assigns thereof (collectively "the Released Parties"), whether asserted or unasserted, known or unknown, in contract, tort, based on statute, or any other legal or equitable ground or theory, arising out of or relating to the calculation or recovery of interest as provided by the Oklahoma Production Revenue Standards Act for Silver Creek's alleged untimely payment of proceeds.

b.     **"Released Parties"** means Silver Creek, any subsidiaries or affiliates of Silver Creek, and any officers, directors, employees, agents, representatives, predecessors, consultants, servants, stockholders, members, successors, and assigns thereof.

c. **"Claim Period"** means the period commencing on January 1, 2012, and ending on March 31, 2017, and extends to claims for unpaid statutory interest that accrued with respect to oil and/or gas production sold during those months, without regard for when those interest payment obligations accrued.

5. At the Final Fairness Hearing on _____, 2020, the Court fulfilled its duties to independently evaluate the fairness, reasonableness, and adequacy of, *inter alia*, the Settlement and the Notice provided to the Settlement Class, considering not only the pleadings and arguments of the Class Representative and the Defendant and their respective Counsel, but also the concerns of any objectors and the interests of all absent Settlement Class Members.

6. The Court further finds that due and proper notice, by means of the Notice and Summary Notice, was given to the Settlement Class in conformity with the Settlement Agreement and Preliminary Approval Order. The form, content, and method of communicating the Notice disseminated to the Settlement Class and the Summary Notice published pursuant to the Settlement Agreement and the Preliminary Approval Order: (i) constituted the best practicable notice under the circumstances; (ii) constituted notice reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the litigation, the Settlement, their right to exclude themselves from the Settlement, their right to object to the Settlement or any part thereof, and their right to appear at the Final Fairness Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons and entities entitled to such notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure,

the Due Process Clause of the United States Constitution, the Due Process protections of the State of Oklahoma, and other applicable law. Therefore, the Court approves the form, manner, and content of the Notice and Summary Notice used by the Defendant. The Court further finds that all Settlement Class Members have been afforded a reasonable opportunity to request exclusion from the Settlement Class or object to the Settlement.

7.      Pursuant to and in accordance with Fed. R. Civ. P. 23, the Settlement, including, without limitation, the amount of the Settlement Fund, the releases, and the dismissal with prejudice of the Released Claims against the Released Parties as set forth in the Settlement Agreement, is finally approved as fair, reasonable and adequate and in the best interests of the Settlement Class. The Settlement Agreement was entered into between the Class Representative and Defendant at arm's-length and in good faith after substantial negotiations free of collusion. The Settlement fairly reflects the complexity of the Claims, the duration of the litigation, the extent of discovery and investigation, and the balance between the benefits the Settlement provides to the Settlement Class and the risk, cost, and uncertainty associated with further litigation and trial. The Defendant is hereby authorized and directed to comply with and to cause the consummation of the Settlement in accordance with the Settlement Agreement, and the Clerk of this Court is directed to enter and docket this Final Judgment in the Action.

8.      By agreeing to settle the Litigation, the Defendant does not admit, and Defendant instead specifically denies, that the Litigation could have been properly maintained and certified as a contested class action lawsuit for litigation purposes, had

the case been litigated rather than settled, and specifically denies any and all liability to the Settlement Class, Class Representative and Class Counsel.

9.   The Court finds that on _____, 2020, the Defendant caused proper and adequate notice of the Settlement to be served on the appropriate state official for each state in which a Settlement Class Member resides, and the appropriate federal official, as required by and in conformance with the form and content requirements of 28 U.S.C. § 1715.   In connection therewith, the Court has determined that, under 28 U.S.C. 28 § 1715, the appropriate state official for each state in which a Settlement Class Member resides was and is the State Attorney General for each such state, and the appropriate federal official was and is the Attorney General of the United States.  Further, the Court finds it was not feasible for the Defendant to include on each such notice the names of each of the Settlement Class Members who reside in each state and the estimated proportionate share of each such Settlement Class Member who might submit a claim to a share of the Settlement Fund as provided in 28 U.S.C. § 1715(b)(7)(A); therefore, each notice included a reasonable estimate of the number of putative Settlement Class Members residing in each state.  No appropriate state or federal official has entered an appearance or filed an objection to the entry of final approval of the Settlement.  Thus, the Court finds that all requirements of 28 U.S.C. § 1715 have been met and complied with and, as a consequence, no Settlement Class Member may refuse to comply with or choose not to be bound by the Settlement and this Court's Orders in furtherance thereof, including this Final Judgment, under the provisions of 28 U.S.C. § 1715.

10.     The Litigation and the Complaint and all claims included therein, as well as all Released Claims are dismissed with prejudice as to the Released Parties. All Settlement Class Members who have not validly and timely submitted a Request for Exclusion to the Settlement Administrator as directed in the Notice and Preliminary Approval Order, on behalf of themselves and their respective predecessors, successors, and assigns, are hereby deemed to have finally, fully, and forever conclusively released, relinquished, and discharged all of the Released Claims against the Released Parties and are barred and permanently enjoined from prosecuting, commencing, or continuing any of the Released Claims against the Released Parties. The Class Representative and the Defendant are to bear their own costs, except as otherwise provided in the Settlement Agreement or in this Final Judgment.

11.     The Court also approves the efforts and actions of the Settlement Administrator in assisting with certain aspects of the administration of the Settlement, and directs the Settlement Administrator to continue to assist the Class Representative and the Defendant in completing the administration and distribution of the Settlement in accordance with the Settlement Agreement, this Final Judgment and the Court's other orders.

12.     Notwithstanding the foregoing paragraphs, nothing in this Final Judgment shall bar any action or claim by the Class Representative or the Defendant to enforce or effectuate the terms of the Settlement Agreement or this Final Judgment.

13.     This Final Judgment and the Settlement Agreement—including any provisions contained in or exhibits attached to the Settlement Agreement, any

negotiations, statements, or proceedings in connection therewith, or any action undertaken pursuant thereto—shall not be admissible in any action or proceeding for any reason, other than an action to enforce the terms of this Final Judgment or the Settlement Agreement or to defend or bring an action based on the Release provided herein, and are not and shall not be deemed, described, or construed to be or offered or received as evidence of a presumption, concession, declaration, or admission by any person or entity of the truth of any fact alleged in the Litigation; the validity or invalidity of any claim or defense that was, could have been, or might be asserted; the amount of damages, if any, that would have been recoverable in the Litigation; or any liability, negligence, fault, or wrongdoing of any person or entity.

14.     The manner set forth in the Settlement Agreement and for Settlement Class Members to be afforded the opportunity to present claims, and to thereby receive a distribution from the Settlement Fund for timely and proper claims, is approved as fair, reasonable and adequate, and Class Counsel and the Settlement Administrator, with the cooperation and assistance of the Defendant, are directed to administer the Settlement in accordance with the terms of the Settlement Agreement.

15.     The Court finds that the Class Representative, the Defendant, and their counsel have complied with the requirements of the Federal Rules of Civil Procedure as to the proceedings and filings in this Action.   The Court further finds that Class Representative and Class Counsel adequately represented the Settlement Class in entering into the Settlement Agreement.

16.    No Settlement Class Member shall have any claim against Class Counsel, the Defendant's counsel, the Released Parties, the Settlement Administrator or any of their respective designees or agents based on the distributions made substantially in accordance with the Settlement Agreement or the orders of the Court.

17.    Except as may otherwise be set forth in the Settlement Agreement, this Final Judgment, or in other orders of the Court, neither Class Counsel, the Class Representative, the Released Parties, nor the Defendant's counsel shall have, as the case may be, any responsibility for, interest in, or liability with respect to: (i) the design, administration, or implementation of the claims process or the distribution of the Settlement Fund among Settlement Class Members; (ii) the determination, collection or administration of any applicable taxes that are not their burden by law; (iii) the payment or withholding of any potentially applicable taxes, expenses, or costs incurred in connection with the Settlement Fund or the filing of any tax returns, except to the extent applicable law expressly imposes that burden on them; or (iv) any expenses and costs incurred in connection with any of the above, except for those expenses and costs that may be expressly allocated to them in the Settlement Agreement.

18.    No Settlement Class Member shall have any claim against Class Counsel, Class Representative, the Released Parties, or the Defendant's Counsel with respect to the items listed in the preceding paragraph.

19.    Any further orders approving or, without objection by either the Class Representative or Defendant, modifying the claims process, the manner of the distribution of the Settlement Fund among Settlement Class Members, the application by

Class Counsel for an award of attorneys' fees or reimbursement of Litigation Expenses, or the request of Class Representative for a Case Contribution Award or reimbursement of reasonable costs and expenses, shall not disturb or affect the Finality of this Final Judgment, the Settlement Agreement, or the Settlement provided for therein.

20.     Without affecting the Finality of this Final Judgment in any way, the Court reserves exclusive and continuing jurisdiction over the Litigation, Class Representative, the Settlement Class, the Defendant and the other Released Parties for the purposes of: (i) supervising and/or determining the fairness and reasonableness of the implementation, enforcement, construction, and interpretation of the Settlement Agreement and this Final Judgment; (ii) hearing and determining any application by Class Counsel for an award of attorneys' fees, costs, and Litigation Expenses and/or a Case Contribution Award for Class Representative, if such determinations were not made at the Final Fairness Hearing; (iii) supervising the distribution of the Settlement Fund; (iv) resolving any dispute regarding a party's right to terminate the Settlement pursuant to the Settlement Agreement; (v) enforcing the terms of the Settlement Agreement, including the entry of injunctive or other relief to enforce, implement, administer, construe and interpret the Settlement Agreement; and (vi) exercising jurisdiction over any challenge to the Settlement Agreement on any basis whatsoever.

21.     In the event the Settlement is terminated as the result of a successful appeal of this Final Judgment or does not become Final and Non-Appealable in accordance with the terms of the Settlement Agreement for any reason whatsoever, then this Final Judgment shall be rendered null and void and shall be vacated to the extent provided by,

and in accordance with, the Settlement Agreement.  The provisions of the Settlement Agreement relating to termination of the Settlement Agreement shall be complied with including the repayment by Class Counsel of any attorneys' fees, costs and other litigation expenses that may have been previously awarded by the Court and received by Class Counsel.  In such an event, all orders entered in connection herewith shall be null and void to the extent provided by, and in accordance with, the Settlement Agreement.

22.    In the event that Class Representative or the Defendant institute any legal action against the other to enforce any provision of the Settlement Agreement or this Final Judgment or to declare rights or obligations thereunder, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees and costs incurred in connection with any such action.

23.    The Released Claims asserted in this Litigation are hereby DISMISSED WITH PREJUDICE to the refiling of the same or any portion thereof by or against the Released Parties.  The Court retains jurisdiction pursuant to paragraph 20 above to administer the Settlement, the claims and distribution process, and to issue any additional order reasonably needed for the implementation of the Settlement, including the Court's separate order pertaining to Class Counsel's request for attorneys' fees and reimbursement of reasonable Litigation Expenses and Class Representative's request for a Case Contribution Award.  Notwithstanding the Court's jurisdiction to issue additional Orders in this Litigation, this Final Judgment fully disposes of the Released Claims as to the Defendant and other Released Parties as to the Class Wells and Claim Period and is

therefore a final appealable judgment.  The Court expressly directs the Clerk of the Court to file this Final Judgment as a final order and final judgment in this Action.

24.  **[OPTIONAL IF OBJECTIONS ARE MADE AND IF COURT FINDS THAT SEVERANCE IS APPROPRIATE]** The Court finds that all objections are overruled and hereby severed from this Action for the purposes of appeal.  In the event any objector appeals this Final Judgment or any other rulings of this Court, such objector is hereby ordered to post a cash bond in an amount to be set by the Court sufficient to reimburse Class Counsel's appellate fees, Class Counsel's expenses, the lost interest to the Settlement Class caused by the delay, and any other applicable sum that is found to be properly considered in determining the amount of the bond.

IT IS SO ORDERED this ___ day of _____, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE

**Attachments:**

Exhibit 1:    List of parties who have opted out of the Settlement Class and elected to not participate in this Litigation.

# Exhibit 4

**NOTE:  Prior to submission for mailing, this Notice form may be re-formatted as to font-size, margins, spacing, headings, numbering and lettering, and similar formatting features in ways designed to reduce the expense of mailing this Notice.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ASHCRAFT GROUP, LLC, for itself and all similarly situated,**<br><br>Plaintiff,<br><br>v.<br><br>**SILVER CREEK OIL & GAS, LLC,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Case No. 16-CV-388-KEW**

NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION AND FAIRNESS HEARING

*A court authorized this Notice.  This is not a solicitation from a lawyer*

**If you belong to the Class and the proposed Settlement described below is approved, your legal rights will be affected whether you ACT or NOT.** Read this Notice carefully to see what your rights and options are in connection with the proposed Settlement.

On _____, 2020, the Court preliminarily approved a Settlement in the above-captioned litigation (the Litigation) between Ashcraft Group, LLC (Plaintiff), on behalf of itself and the Settlement Class (the Class), and Silver Creek Oil & Gas, LLC (Silver Creek).  A complete copy of the Settlement Agreement and other related settlement documents is provided for your information at the following website:  www._____.com.

Silver Creek has agreed to pay $525,000.00 in cash into a settlement fund in settlement of all Class claims that relate to the calculation or recovery of interest as provided by the Oklahoma Production Revenue Standards Act (PRSA) for Silver Creek's alleged failure to pay interest owed when the first payment of royalties or overriding royalties occurred more than six (6) months from the date of first sale of production from certain oil and gas wells located in the State of Oklahoma and operated by Silver Creek.  The complete scope of the release that will be given by the Class is set forth in the Settlement Agreement. In exchange, the Class shall release the Released Claims and Silver Creek will receive the other benefits provided for under the Settlement Agreement. The $525,000.00 cash payment, plus interest on the funds in escrow, is referred to herein as the Settlement Fund.  The Settlement Fund will be distributed to Class

Members **without** deduction for any court-approved attorney's fees, expenses, or class representative award or other costs approved by the Court.

In order for any member of the Settlement Class to be paid any portion of the Settlement Fund, such member must complete a Class Settlement Claim Form (Claim Form) in the form attached hereto [or by submitting the same information in writing] **within 90 days from the date on which the final judgment approving the settlement becomes final.**

The Class definition is listed below in Question No. 5. **How do I know whether I am part of the Class?**

Plaintiff and Silver Creek disagree on the amount of damages, if any, that could have been recovered if the Class prevailed on its claims at trial. Silver Creek does not believe it failed to calculate or pay interest to royalty or overriding royalty owners correctly or violated the PRSA, and denies all allegations of wrongdoing asserted.

The Settlement Agreement provides that Silver Creek agrees to pay, **in addition to the Settlement Fund**, attorney's fees, a class representative fee and reimbursement of Litigation Expenses to Plaintiff's Counsel in the collective amount of $175,000.00. This amount, if approved by the Court, **will not be deducted from the Settlement Fund.**

In reaching the Settlement, Plaintiff and Silver Creek have avoided the uncertainty, cost and time of a trial and Plaintiff has agreed to the Settlement to avoid those risks as well as the risk of the dismissal of some or all of the claims of the Class against Silver Creek.

Further information regarding the Settlement and this Notice may be obtained by contacting Plaintiff Counsel: Pate & Wolfe, 50 Penn Place, Suite 1300, 1900 Northwest Expressway, Oklahoma City, Oklahoma 73118, Telephone (405) 858-0012 . Please reference "Ashcraft-Silver Creek Settlement" if you write or call.

## YOUR LEGAL RIGHTS AND OPTIONS

| | |
|---|---|
| **You MUST file a Claim Form to Participate in the Settlement** | If the Settlement is approved, you **must file a Claim Form** to participate in the Settlement and receive a payment. The portion of the Settlement Fund to which you are entitled will be calculated as part of the administration of the Settlement. If you fail to file a Claim Form, you will receive no portion of the Settlement Fund. |
| **Exclude Yourself (by _____, 2020)** | If you do not wish to be a member of the Class, you *must* exclude yourself (as described below in Answer to Question 9 and in the Settlement Agreement) and you **will not receive any payment from the Settlement Fund.** You will be part of this Settlement and will not be able to bring another lawsuit or arbitration against Silver Creek |

2

|  | and the Released Parties based on any Released Claims unless you exclude yourself from the Class. |
|---|---|
| **Object (by _____, 2020)** | If you do not exclude yourself, and you wish to object to any part of the Settlement or fees and costs requested by Class Counsel and Plaintiff, you may (as discussed below in Answer to Question No. 11 and in the Settlement Agreement) write to the Court stating your objections. |
| **Attend the Fairness Hearing (to be held on _____, 2020,** | If you have submitted a valid and timely written objection to any aspect of the Settlement terms or the fees and expenses requested by Plaintiff Counsel and Plaintiff, you may (but do not have to) attend the Fairness Hearing and present your objections to the Court at that hearing (as described in the Settlement Agreement). |
| **Do Nothing** | If you are a Class Member and do nothing and **do not file a claim form**, you will be bound by the terms of the Settlement as set forth in the Settlement Agreement and orders of the Court, you will be bound by the release of the Released Parties, YOU WILL NOT RECEIVE ANY PORTION OF THE SETTLEMENT FUND, and you will not be able to bring or pursue any Released Claims in any other lawsuit or arbitration. It is your responsibility to familiarize yourself with the Settlement Agreement and all other documents relevant to the Settlement, which, as stated earlier, can be found at www._____.com. |

**These rights and options - and the deadlines to exercise them - are explained in this Notice and in the Settlement. Please note that the date of the Fairness Hearing currently scheduled for _____, 2020, at _____.m. - is subject to change without further notice to you. IMPORTANT: If you plan to attend that hearing, you should check with the Court and www._____.com to be sure no change to the date and time of the hearing has been made.**

The Court in charge of this case will decide at or after the Fairness Hearing whether to approve the Settlement. Payments will be made to Class Members only if the Court approves the Settlement. If the decision of the Court is appealed, any payments will be delayed further pending the outcome of any such appeals.

## 1. How do I know whether I am part of the Class?

To see if you should file a Claim Form and possibly receive money from the Settlement Fund, you must first determine whether you are a Class Member. The Class consists of the following individuals and entities, subject to certain exceptions:

3

All non-excluded persons or entities who are or were royalty and/or overriding royalty interest owners in oil and gas wells located in Oklahoma and operated by Silver Creek, who were paid proceeds for production that occurred during the Claims Period of January 1, 2012 to March 31, 2017, except for those production proceeds paid by Silver Creek on behalf of take-in-kind Owners who marketed their own oil and gas. Persons and/or entities excluded from the Settlement Class are (1) all agencies, departments and instrumentalities of the State of Oklahoma and/or the United States of America, (2) persons or entities that Plaintiff's counsel is, or may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct, and (3) Officers of the Court.

## 2.  Why did I get this Notice?

You are being sent this Notice because you may be a member of the Class in this Litigation. This Notice is not intended to be, and should not be construed as, an expression of any opinion with respect to the merits of the allegations in the Petition filed in the Litigation.  This Notice discusses the claims being asserted in the Litigation, explains the Settlement, your right to remain a member of the class, how to file a Claim Form, and your right to opt-out of the Class and be excluded from the Settlement.

The Court caused this Notice to be sent to you because, if you fall within the above-described Class and are not excluded from the Class, your rights will be affected.  If the Court approves the Settlement, after any objections and appeals are resolved, the Settlement Administrator will cause payments to be made to qualifying Class Members who properly and timely file a Claim Form.

## 3.  What is this lawsuit about?

The Litigation seeks damages for the alleged failure of Silver Creek to calculate and pay interest owed pursuant to the Oklahoma Production Revenue Standards Act (PRSA).

A list of the Class Wells can be found at the website referred to earlier in this notice, as an Exhibit to the Settlement Agreement.  Class Wells include every oil and gas well located in Oklahoma that has been operated by Silver Creek, and from which Silver Creek sold oil and gas production during any part of the Claim Period (defined as commencing January 1, 2012 and ending on March 31, 2017).

Defendant denies Plaintiff's claims and denies any liability to Plaintiff and any member of the Class.  Defendant contends, among other defenses, it has substantially complied with the PRSA and that certain provisions of the PRSA violate provisions of the Oklahoma and U.S. Constitutions, and therefore Silver Creek does not owe any damages to the Plaintiff and the Class.

The Court has made no determination with respect to any of the parties' claims or defenses.

4

A more complete description of the Litigation, its status, and the rulings made in the Litigation are available in the pleadings and other papers maintained by the United States District Court for the Eastern District of Oklahoma, located at 101 North 5th Street, Room 208, Muskogee, Oklahoma 74401, in the file for Case No. 16-CV-388-KEW and some of the relevant pleadings are additionally located on the Settlement website: www._____.com. Should you have questions regarding the status, rulings or issues in the Litigation, such questions can be submitted as set forth in other paragraphs of this Notice.

## 4. What does the Settlement provide?

In consideration of the Settlement, Silver Creek has agreed to pay $525,000.00 in cash into a Settlement Fund. In addition, Silver Creek will pay the Plaintiff's and Class' attorneys fees, litigation costs, expert fees and class representative fee in the collective agreed amount of $175,000.00. These fees and costs *will not be deducted from the Settlement Fund*, but will be paid by Silver Creek (if approved by the Court) in addition to that fund. The Settlement also provides that Silver Creek will pay the costs of Notice to the Settlement Class, settlement administration and distribution of the Settlement Fund, not to exceed $150,000.00. In the event the Administration, Notice and Distribution Costs exceed a combined total of $150,000.00, such excess shall be paid out of the Settlement Fund.

The Settlement, if approved, will result in the dismissal of the Petition as against Silver Creek and the release by all Class Members of all the Released Claims against the Released Parties, as defined in the Settlement Agreement.

## 5. How can I get a payment?

Settlement payments will be made on a "claims made" basis. In order for any member of the Class to be paid any portion of the Settlement Fund, such member must complete a Claim Form on the form attached hereto (or, in the alternative, by submitting the same information in writing) within 90 days from the date on which the order and judgment approving the settlement becomes Final and Non-Appealable (as that term is defined in the Settlement Agreement). Completed Claim Forms are to be submitted to the Settlement Administrator, Cynthia B. Heymans, in any of the following three ways: Fax number: Fax: (405) 948-8361; U.S. Mail to the following Address: 5030 N. May Ave., PMB 348, Oklahoma City, OK 73112; or through special delivery service (e.g. Federal Express and/or UPS).

The Settlement Administrator will calculate the interest she believes is owed to each Class Member who timely and properly submits a completed Claim Form subject to the terms of the Settlement Agreement. Such calculation shall be made by well. Silver Creek will pay interest at the rate of 12% if title was marketable or 6% if the title was not marketable, compounded annually, as specified under the Production Revenue Standards Act (PRSA); provided, however, any interest payment will be offset and deducted from any prior interest payment made by Silver Creek in the ordinary course to a particular member of the Settlement Class.

### 6.  When would I get a payment?

Payment to Class Members who submit a Claim Form is contingent on several matters, including the Court's approval of the Settlement and that approval becoming Final and Non-Appealable, as defined in the Settlement Agreement.

Payments out of the Settlement Fund will be distributed by the Settlement Administrator to qualifying Class Members. Those checks will include both an allocation of the payment amount by well, including the payee's share of any interest added to the Settlement Fund from the interest bearing escrow account and an IRS form 1099. All payments will be made at one time after all calculations by the Settlement Administrator are made as to all Class Members who timely submit proper Claim Forms.

Any appeal of the Court's ruling at or after the Fairness Hearing could take well in excess of one year. The Settlement may be terminated on several grounds, including if the Court does not approve, or if the Court materially modifies, the proposed terms of the Settlement. If the Settlement is terminated, the Litigation will proceed as if the Settlement had never been reached.

### 7.  What is the effect of my remaining in the Class?

Unless you exclude yourself from the Class, if the Settlement is approved, you will be a Class Member bound by the Settlement terms. If you are a qualifying Class Member, you will only receive your portion of the Settlement Funds IF YOU PROPERLY COMPLETE AND SUBMIT A CLAIM FORM.

If you remain in the Class, (even if you do NOT submit a Claim Form) you will be bound by all orders and judgments entered by the Court regarding the Settlement. If the Settlement is approved, you will not be able to sue, continue to sue, or be part of any other lawsuit against the Released Parties concerning any of the Released Claims.

### 8.  What are the Released Claims?

In exchange for the previously mentioned payment by Silver Creek into a Settlement Fund, the Attorney's fees, litigation costs, expert fees, and class representative fee, as well as payment of all costs associated with notice and administration of the settlement, as described herein, Class Members will release certain claims against Silver Creek if the Settlement is approved. The Released Parties are described in the Settlement Agreement in paragraph 1.17. The Released Claims are described in the Settlement Agreement in paragraph 1.18.

### 9.  How do I exclude myself from the Settlement and not release my claims?

To exclude yourself from the Settlement, you must exclude yourself from the Class. To exclude yourself from the Class, you must either deliver or send a letter by mail or special delivery service for filing with the Clerk of the Court at the address shown below stating that you want to

be excluded from the Class in *Ashcraft Group, LLC v. Silver Creek Resources, Inc., No. 16-CV-388-KEW*. Your letter must include the items listed below, must be delivered or sent for filing with the Clerk of the Court at the below address on or before _____, 2020; provided, however, that if you send your letter by mail or special delivery service, it is sufficient for the letter to be post-marked on or before the date just stated above.

Clerk of the Court
U. S. District Court for Eastern District of Oklahoma
101 North 5th Street
Muskogee, Oklahoma 74401

The letter must be signed by you and must provide your name, address, telephone number and signature, and you must identify the well name(s) for any Class Well(s) in which you claim to own an interest, and include an unequivocal statement that you wish to be excluded from the Class, such as the following:

> Dear Judge: I want to exclude myself from the Class in *Ashcraft Group, LLC v. Silver Creek Resources, Inc.*, Case No. 16-CV-388-KEW, United States District Court for the Eastern District of Oklahoma.

**If you do not follow these procedures - including meeting the deadline for exclusion set out above - you will not be excluded from the Class, and you will be bound by all of the orders and judgments entered by the Court regarding the Settlement, including the release of claims. You must exclude yourself even if you already have a pending case against Silver Creek based upon the Released Claims.**

If you validly request exclusion as described above, you cannot object to the Settlement and you will not have released any claim against Silver Creek by virtue of this proposed settlement.

## 10. Do I have a lawyer in the case and how will the lawyers be paid?

The law firms of Pate & Wolfe and Taylor, Foster, Downs, Ramsey & Russell, a Professional Corporation, represent the Plaintiff and all other Class Members in this Litigation. These lawyers are called Plaintiff's Counsel. You will not be charged by these lawyers. These lawyers will be paid by Silver Creek in accordance with the specific terms set out in the Settlement regarding fees and expenses if approved by the Court. No deduction from your part of the Settlement Funds will be made to pay Plaintiff Counsel in this Litigation.

## 11. How do I object to the Settlement?

If you are a Class Member and you do not exclude yourself, you can object to the Settlement. You can give reasons why you think the Court should not approve the Settlement or any portion of its terms. You can also object to the payment of Plaintiff Counsel's fees, expenses and class representative fee being paid by Silver Creek.

To object, you must either deliver or send for filing with the above-described Clerk of the Court,

7

by mail or special delivery service, a written statement advising as to the matters you object to (and containing the other items listed below). The written statement of objection should be sent to the address shown above in paragraph 9, on or before _____, 2020; provided, however, that if you send the letter required above by mail or special delivery service, it is sufficient for the letter to be post-marked on or before that date. You must include in your written statement:

(a)     a heading referring to *Ashcraft Group, LLC v. Silver Creek Resources, Inc.,* Case No. 16-CV-388-KEW, United States District Court for the Eastern District of Oklahoma;

(b)     a statement as to whether you intend to appear at the Fairness Hearing, either in person or through counsel, and, if through counsel, counsel must be identified by name, address and telephone number;

(c)     a statement of the specific legal and factual basis for objection;

(d)     a list of any witnesses the objector wishes to call at the Fairness Hearing;

(e)     copies of any exhibits the objector may present at the Fairness Hearing;

(f)     the objector's current address;

(g)     the objector's current telephone number;

(h)     the objector's signature; and

(i)     identification of the well name(s) of the Class Well(s) in which the objector claims to own an interest.

Any Class Member who fails to timely file such a written statement and provide the required information will not be permitted to present any objections at the Fairness Hearing. The decision to allow any testimony, argument, or evidence, as well as the scope and duration of any and all presentations of objections at the Fairness Hearing, will be in the sole discretion of the Court.

## 12. Where can I get more information and details about the Settlement?

You can visit the website at www._____.com. The complete terms of the Settlement are set out in the Settlement Agreement. You may obtain a copy of the Settlement Agreement, the Claim Form, list of Class Wells, as well as other relevant documents, from the settlement website. Further information regarding the Litigation and this Notice may be obtained by contacting Plaintiff Counsel at the address provided herein.

## PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE.

DATED: _____, 2020.

By Order of the Court.

8

Ashcraft group, LLC v. Silver Creek Oil & Gas, LLC
Case No. 16-CV-388-KEW
U.S. District Court for the Eastern District of Oklahoma

# Claim Form

(For Members of Settlement Class in the Above Case)

Each Class Member must complete a separate Claim Form (following the instructions provided below), and must submit the form to the Settlement Administrator using the contact information shown below, within **[INSERT DATE that is 90 days from the date on which the Judgment approving the settlement becomes Final and Non-Appealable]**.  Each Claim Form will be considered to have been "submitted" to the Settlement Administrator: Cynthia B. Heymans, by Facsimile:  (405) 948-8361; U.S. Mail to the following Address: 5030 N. May Ave., PMB 348, Oklahoma City, OK 73112; or through special delivery service (e.g. Federal Express and/or UPS), on the date the Settlement Administrator receives the form through any of the following means of transmittal from the Class Member: (a) Faxing the form to the Fax number shown below; (b) United States Mail; or (c) special delivery service (for example, Federal Express or UPS).

## CLASS MEMBER INFORMATION

Name (required): _____

Telephone Number (required): _____

Mailing Address (required): _____

Email Address (optional):_____

Either (a) the Silver  Creek Oil & Gas, LLC, Owner Number, or (b) the Social Security or Tax ID Number of the Class Member (At least one is required): _____

_____
Signature of the above Class Member

Date: _____

Please submit this Claim Form to the below named Settlement Administrator using any of the 3 means of transmittal described in the first paragraph, above, so that the Claim Form will be received by the Settlement Administrator no later than **[Insert Same Deadline as Inserted Above]**.

Cynthia B. Heymans, in any of the following three ways: Fax number: Fax:  (405) 948-8361; U.S. Mail to the following Address: 5030 N. May Ave., PMB 348, Oklahoma City, OK 73112; or through special delivery service (e.g. Federal Express and/or UPS).

9

# Exhibit 5

**NOTE: Prior to submission for publication, this Notice form may be re-formatted as to font-size, margins, spacing, headings, numbering and lettering, and similar formatting features in ways designed to reduce the expense of publishing this Notice.**

## Notice of Proposed Oil & Gas Class Action Settlement

If You Are or Were an Owner of Interest in an Oil and Gas Well
in Oklahoma Operated by Silver Creek Oil & Gas, LLC,
You May Be a Part of a Proposed Class Action Settlement

This is to notify you concerning a Proposed Class Settlement in a lawsuit seeking the recovery of damages for the alleged failure of Silver Creek to calculate and pay interest owed pursuant to the Oklahoma Production Revenue Standards Act (PRSA)  The proposed Settlement consists of the establishment of a Settlement Fund of $525,000.00 to pay claims submitted by Settlement Class Members ("Class Members"). The lawsuit is called *Ashcraft Group, LLC v. Silver Creek Oil & Gas, LLC,* ("Silver Creek") Case No. 16-CV-388-KEW, United States District Court for the Eastern District of Oklahoma (the "Lawsuit").  The Lawsuit is pending in the United States District Court for the Eastern District of Oklahoma before The Honorable Kimberly West, Magistrate Judge.

The capitalized terms used in this Notice will have the same meanings assigned to those terms in the Settlement Agreement referred to in this Notice, unless a particular term is specifically defined differently in this Notice.  This is a summary notice.  For more detailed information regarding the terms of the Settlement and the rights and obligations of Class Members, you should read the longer form of Notice, the Settlement Agreement and the other documents related to the proposed Settlement, which can be found at the website listed at the bottom of this document.

On _____, 2020, the Court preliminarily approved the proposed Settlement in this Litigation.  Silver Creek has agreed to pay $525,000.00 into a Settlement Fund to pay claims submitted by qualifying Class Members.

## WHAT IS THE LAWSUIT ABOUT?

The Lawsuit seeks damages for the alleged failure of Silver Creek to pay interest owed pursuant to the Oklahoma Production Revenue Standards Act.  A list of the wells that are believed to be the Class Wells (subject to supplementation in the event other wells meeting the definition of Class Wells are later identified) can be found at the website listed at the bottom of this document. A Class Well means every oil and gas well located in Oklahoma that has been operated by Silver Creek, and from which Silver Creek sold oil and gas production during any part of the Claim Period (defined as commencing on January 1, 2012 and ending on March 31, 2017).

## WHO ARE CLASS MEMBERS?

All non-excluded persons or entities who are or were royalty and/or overriding royalty interest owners in oil and gas wells located in Oklahoma and operated by Silver Creek, who were paid proceeds for production that occurred during the Claims Period of January 1, 2012 to March 31, 2017, except for those production proceeds paid by Silver Creek on behalf of take-in-kind Owners who marketed their own oil and gas. Persons and/or entities excluded from the Settlement Class are (1) all agencies, departments and instrumentalities of the State of Oklahoma and/or the United States of America, (2) persons or entities that Plaintiff's counsel is, or may be prohibited from representing under Rule 1.7 of the Oklahoma Rules of Professional Conduct, and (3) Officers of the Court.

Please visit the website listed at the bottom of this document for a complete list of wells included in the proposed Settlement and for more detailed information concerning the proposed Settlement.

## WHAT DOES THE SETTLEMENT PROVIDE?

In consideration of the Settlement, Silver Creek has agreed to pay $525,000.00 in cash into a Settlement Fund. In addition, Silver Creek will pay the Plaintiff's and Class' attorneys fees, litigation costs, expert fees and class representative fee in the collective agreed and fixed amount of $175,000.00. These fees and costs *will not be deducted from the Settlement Fund*, but will be paid by Silver Creek (if approved by the Court) in addition to the Settlement Fund. The Settlement also provides that Silver Creek will pay the costs, up to $150,000.00 of Notice to the Settlement Class, settlement administration and distribution of the Settlement Fund. In the event the Administration, Notice and Distribution Costs exceed a combined total of $150,000.00, such excess shall be paid out of the Settlement Fund.

The Settlement, if approved, will result in the dismissal of the Lawsuit as against Silver Creek with prejudice and the release by Class Members of all Released Claims against the Released Parties, as defined in paragraphs 1.17 and 1.18 of the Settlement Agreement that may be reviewed on the Settlement website listed below.

## YOU MUST FILE A CLAIM TO RECEIVE A PAYMENT!

Settlement payments will be made on a "claims made" basis. In order for any member of the Class to have the opportunity to be paid any portion of the Settlement Fund, such member must complete a Claim Form (or in the alternative, submit the same information in writing) at any time within 90 days from the date on which the Order and Judgment approving the settlement becomes Final and Non-Appealable (as defined in the Settlement Agreement). Completed claim forms are to be submitted to the Settlement Administrator, Cynthia B. Heymans, in any of the following three ways: Fax number: (405) 948-8361; U.S. Mail to the following Address: 5030 N. May Ave., PMB 348, Oklahoma City, OK 73112; or through special delivery service (e.g. Federal Express and/or UPS). The Settlement Administrator will calculate the amount of interest owed to each qualifying Class Member pursuant to the terms of the Settlement Agreement.

**The Claim Form is available to download and print from the settlement website listed at the bottom of this Notice.**

## WHO REPRESENTS ME?

Two law firms represent the Class: Pate & Wolfe, Oklahoma City, Oklahoma, and Taylor, Foster, Downs, Ramsey & Russell, Claremore, Oklahoma. You may hire your own attorney, if you wish. However, you will be responsible for that attorney's fees and expenses.

## WHAT ARE MY LEGAL RIGHTS?

You do not have to do anything to stay in the Class, **but you must submit a completed Claim Form to receive the benefits of the proposed Settlement.** If you stay in the Class, but DO NOT submit a Claim Form, you will not receive a payment, but you will still be bound by all orders and judgments of the Court, and you will not be able to sue, continue to sue, or be a part of any other lawsuit against Silver Creek and the other Released Parties concerning the claims released by this settlement.

You may Object to the proposed Settlement. You or your lawyer has the right to file a written objection and appear before the Court to object to the proposed Settlement and/or the fees and expenses. Your written objection must contain the information described in the longer form of Notice found at the website listed below and must be filed with the Clerk of the Court by either delivery to the Clerk or transmittal by mail or special delivery service to the Clerk of the Court at the address shown below in the next paragraph on or before _____, 2020; provided, however, that if you send the written objection required above by mail or special delivery service, it is sufficient for the objection to be post-marked on or before that date. For more information about properly objecting, please see the longer form of Notice and other documents relevant to the Settlement at the website listed below.

You may exclude yourself from the Class. To exclude yourself from the Class, you must prepare a letter to the Clerk of the Court stating that you want to be excluded from the Class in *Ashcraft Group, LLC v. Silver Creek Oil & Gas, LLC*, ("Silver Creek") Case No. 16-CV-388-KEW. You must file that request for exclusion by either delivery to the Clerk or transmittal by mail or special delivery service to the Clerk of the Court, United States District Court for the Eastern District of Oklahoma, 101 North 5th Street, Room 208, Muskogee, Oklahoma 74401, no later than _____, 2020; provided, however, that if you send the letter required above by mail or special delivery service, it is sufficient for the letter to be post-marked on or before that date. You cannot exclude yourself on the website, by telephone, or by e-mail. If you do not follow these procedures - including meeting the date for exclusion set out above - you will not be excluded from the Class, and you will be bound by all of the orders and judgments entered by the Court regarding the Settlement, including the release of claims. For more information about properly excluding yourself from the Class, please see the longer form of Notice and other documents relating to the Settlement at the website listed below.

## WHEN WILL THE COURT DETERMINE WHETHER TO APPROVE THE PROPOSED SETTLEMENT?

The Court will hold a hearing on _____, 2020 at _____.m. CDT at the United States District Court for the Eastern District of Oklahoma, 101 North 5th Street, Muskogee, Oklahoma 74401.  At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate.  The Court will also consider Class Counsel's and Plaintiff's motion for fees and expenses.  If comments or objections have been submitted in the manner required, the Court will consider them as well.  **Please note that the date of the Fairness Hearing is subject to change without further notice.  If you plan to attend the hearing, you should check with the Court Clerk or on the website www._____.com to be sure no change to the date and time of the hearing has been made.**

## WHERE CAN I GET MORE INFORMATION ABOUT THE SETTLEMENT?

**Visit:** www._____.com
**Write to:** _____ Settlement
c/o Cynthia B. Heymans, Settlement Administrator
5030 N. May Ave., PMB 348
Oklahoma City, OK  73112
Fax:  (405) 948-8361

# Exhibit 6

Ashcraft group, LLC v. Silver Creek Oil & Gas, LLC
Case No. 16-CV-388-KEW
U.S. District Court for the Eastern District of Oklahoma

# Claim Form

(For Members of Settlement Class in the Above Case)

Each Class Member must complete a separate Claim Form (following the instructions provided below), and must submit the form to the Settlement Administrator using the contact information shown below, within **[INSERT DATE that is 90 days from the date on which the Judgment approving the settlement becomes Final and Non-Appealable]**.  Each Claim Form will be considered to have been "submitted" to the Settlement Administrator: Cynthia B. Heymans, by Facsimile:  (405) 948-8361; U.S. Mail to the following Address: 5030 N. May Ave., PMB 348, Oklahoma City, OK 73112; or through special delivery service (e.g. Federal Express and/or UPS), on the date the Settlement Administrator <u>receives</u> the form through any of the following means of transmittal from the Class Member: (a) Faxing the form to the Fax number shown below; (b) United States Mail; or (c) special delivery service (for example, Federal Express or UPS).

## <u>CLASS MEMBER INFORMATION:</u>

Name (required): _____

Telephone Number (required): _____

Mailing Address (required): _____

Email Address (optional):_____

Either (a) the Silver  Creek Oil & Gas, LLC, Owner Number, or (b) the Social Security or Tax ID Number of the Class Member (At least one is required). _____

_____
Signature of the above Class Member

Date: _____

Please submit this Claim Form to the below named Settlement Administrator using any of the 3 means of transmittal described in the first paragraph, above, so that the Claim Form will be <u>received</u> by the Settlement Administrator no later than **[Insert Same Deadline as Inserted Above]**.

Cynthia B. Heymans, in any of the following three ways: Fax number: (405) 948-8361; U.S. Mail to the following Address: 5030 N. May Ave., PMB 348, Oklahoma City, OK 73112; or through special delivery service (e.g. Federal Express and/or UPS).